IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | |
|---|---|
| STACY BRADY, RON BRANDT, JEANETTE CHAMPION, MARCIA DENTON, DARWIN DODSON, KATHERINE FRAISER, RONALD HOLMAN, HAROLD WAYNE JACKSON, ARNEE MILTON, DONNA POLING, PEGGY REEDER, DIANE SAWYER, ANGELA SPARKS, MARTHA SULLIVAN, STACY THORNE, BARBARA WILSON, TAMMY WOOD, and SAN YOUNG, <br><br>Plaintiffs, <br><br>vs. <br><br>LTD PARTS, INCORPORATED, VISTEON CORPORATION, CENTRUM EQUITIES XV, LLC, TERRY HOWARD, AND SHERRY VINSON, <br><br>Defendants. | No. 2:08-cv-0058 <br><br>JUDGE ECHOLS <br>MAGISTRATE JUDGE KNOWLES <br><br>JURY DEMAND |

## ANSWER

Defendants, LTD Parts, Incorporated, Visteon Corporation, Centrum Equities XV, LLC, Terry Howard, and Sherry Vinson (collectively, "Defendants") hereby respond to Plaintiffs' Complaint and state as follows:

I.

1. Paragraph 1 of the Complaint does not contain allegations of fact that require a response from Defendants. To the extent the allegations in Paragraph 1 of the Complaint give rise to inferences that Defendants have violated the law, Defendants deny them. Defendants do not, however, contest federal jurisdiction of the claims asserted in the Complaint.

1

2. Defendants admit that Plaintiffs were employed and terminated in White County, Tennessee. All remaining allegations of Paragraph 2 of the Complaint are denied. Defendants do not contest venue or subject matter jurisdiction in this Court.

3. Admitted. LTD Parts, Inc., changed its name to Visteon Remanufacturing, Inc., on February 25, 2008. However, at the time that the entity now known as Visteon Remanufacturing, Inc. owned and operated the aftermarket automobile parts manufacturing facility located at 5538 Smithville Highway, Sparta, TN (the "Sparta Plant"), it was named LTD Parts, Inc.

4. Admitted.

5. Admitted.

6. Denied.

7. Admitted.

8. Denied as stated. Defendants admit that Centrum Equities XV, LLC was one of the entities that purchased the assets and operations of the Sparta Plant.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. However, to the extent that Paragraph 9 of the Complaint can be construed to set forth factual allegations, those allegations are denied.

10. Admitted that Visteon Corporation was engaged in commerce prior to January 31, 2008, and that Centrum Equities XV, LLC, has been engaged in commerce at all times since January 31, 2008. All remaining allegations of Paragraph 10 are denied.

11. Denied as stated. Visteon Corporation admits that its wholly owned subsidiary LTD Parts, Inc., employed 50 or more employees within 75 miles of the Sparta Plant in twenty

N BHB 667076 v1
2138171-000277 8/15/2008

or more weeks of the calendar year preceding January 31, 2008. All remaining allegations of Paragraph 11 are denied.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required.

13. The allegations in Paragraph 13 of the Complaint are too imprecise for Defendants to form a belief as to whether Mr. Howard was "in charge" of the Sparta Plant. To the extent that Paragraph 13 of the Complaint states a legal conclusion, no response is required. All remaining factual allegations in Paragraph 13 of the Complaint are denied.

14. Denied.

15. The allegations in Paragraph 15 of the Complaint are too imprecise for Defendants to form a belief as to whether Ms. Vinson was "in charge" of human resources at the Sparta Plant. To the extent that Paragraph 15 of the Complaint states a legal conclusion, no response is required. All remaining factual allegations in Paragraph 15 of the Complaint are denied.

16. Admitted.

17. Denied as stated. Some of the Plaintiffs did not have at least 1,250 hours of service at the Sparta Plant in the 12 months immediately preceding January 31, 2008.

18. Admitted, upon information and belief.

19. Denied as stated. Each of the Plaintiffs were employed by LTD Parts, Inc., at the Sparta Plant prior to January 31, 2008, and LTD Parts, Inc., terminated all of the Plaintiffs as of January 31, 2008. All remaining allegations of Paragraph 19 are denied.

20. Admitted.

21. Admitted.

22. The allegations in Paragraph 22 of the Complaint are too imprecise for Defendants to form a belief as to whether the negotiations for the acquisition of the Sparta Plant commenced "prior to or soon after" the union's decertification  The implication that the decertification of United Auto Workers Local 3033, prompted the negotiations for the acquisition of the Sparta Plant is denied.  All remaining allegations of Paragraph 22 of the Complaint are admitted.

23. Admitted that Centrum Equities XV, LLC, was formed in November 2007 and that the acquisition of the Sparta Plant closed on January 31, 2008.  All remaining allegations of Paragraph 23 of the Complaint are denied.

24. Denied.

25. The allegations in Paragraph 25 of the Complaint are too imprecise for Defendants to form a belief as to whether the referenced Plaintiffs were "active union members" or whose belief is referenced in Paragraph 25.  The allegations in Paragraph 25 of the Complaint are therefore denied.  Furthermore, Paragraph 25 relates to a claim that is the subject of a currently pending motion to dismiss, and therefore, no response is required.

26. The allegations in Paragraph 26 of the Complaint are too imprecise for Defendants to form a belief as to whether the referenced Plaintiffs had a "recent history" of workers compensations claims, injuries, or actions.  The allegations in Paragraph 26 of the Complaint are therefore denied.

27. Denied as stated.  Each of the employees whose employment was terminated on January 31, 2008, was informed in a group meeting.  All remaining allegations of Paragraph 27 are denied.

28. Denied.

N BHB 667076 v1
2138171-000277 8/15/2008

29. Denied.

30. Denied.

31. The allegations in Paragraph 31 of the Complaint are too imprecise for Defendants to form a belief as to whether there has been a "substantial continuity" and a "similarity of management." The allegations in Paragraph 31 of the Complaint are therefore denied.

32. Denied.

33. Denied.

34. Denied that Plaintiffs are entitled to any of the relief that they purportedly seek and denied that Defendants violated the law in any manner whatsoever.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied that Plaintiffs are entitled to any of the relief that they purportedly seek and denied that Defendants violated the law in any manner whatsoever.

41. Defendants deny that Plaintiffs are entitled to any of the relief requested in their "Prayer For Relief" in the Complaint.

42. Any allegations in the Complaint that have not been either expressly admitted or denied above are hereby denied.

# II.

# ADDITIONAL DEFENSES

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiffs' Complaint fails to allege any facts that would support the imposition of punitive damages against Defendants herein and the imposition of punitive damages would violate the constitutional and/or other rights of Defendants.

3. Under the facts and circumstances of this case, an award of punitive damages would violate, in addition to other rights of Defendants, substantive and procedural due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution and corresponding provisions of the Constitution of the State of Tennessee in the following particulars:

   a. It is unconstitutional to allow a person or organization to be punished on the basis of a standard as vague and ill-defined as the common law concept of gross negligence, reckless disregard or conscious indifference.

   b. It is unconstitutional to allow a person or organization to be punished for any conduct when that person or organization is unable to determine, prior to the hearing, what the standards used in assessing punishment would be and where the jury has almost total and unbridled discretion in determining the amount of that punishment. The standards for assessing punitive damages in this case are unconstitutionally vague and allow the jury to assess punitive damages based upon criteria wholly unrelated to Defendants conduct and completely beyond the control of the Defendants.

   c. Because the award of punitive damages has quasi criminal attributes, both as to rationale and effect, it is unconstitutional to award punitive damages based solely on a mere preponderance of the evidence.

   d. Under the facts and circumstances of this case, an award of punitive damages would violate the excessive fines, cruel and unusual punishment, and due process clauses of the Tennessee and United States Constitutions in the particulars set forth below.

4. Any claim for monetary relief made by Plaintiffs must be reduced or denied, as applicable, in an amount equal to Plaintiffs' interim earnings; by any amount Plaintiffs' would have earned with reasonable diligence; by Plaintiffs' failure or refusal to mitigate their claimed monetary losses; or for their failure or refusal, for whatever reason, to obtain or seek comparable employment after their employment ended at the Sparta Plant.

5. Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

6. Defendants' actions with respect to Plaintiffs' alleged FMLA leave were taken in good faith and were based on a reasonable belief that the actions were in compliance with the FMLA.

7. The Complaint does not describe the claims asserted against Defendants with sufficient particularity to enable Defendants to respond to this action. Defendants reserve the right to assert all defenses and/or claims, which may be applicable to the Complaint until such time as the precise nature of the various claims is ascertained and all facts are discovered.

IV.

WHEREFORE, having responded to the allegations in Plaintiffs' Complaint, Defendants hereby request that the Court enter an Order:

A. Dismissing the Complaint in its entirety, with prejudice;

B. Awarding Defendants their costs and expenses; and

C. Awarding Defendants such other relief as the Court deems just and proper.

N BHB 667076 v1
2138171-000277 8/15/2008

Respectfully submitted,

/s Ben H. Bodzy
Kenneth A. Weber (B.P.R. No. 15730)
Emily H. Plotkin, (B.P.R. No. 22978)
Ben Bodzy (B.P.R. No. 23517)
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
(615) 726-5600 (telephone)
(615) 726-0464 (facsimile)

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2008, a copy of this *Answer* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Jonathan Young
Cameron & Young
100 South Jefferson Avenue
Cookeville, Tennessee 38501

Kenneth S. Williams
Madewell, Jared, Halfacre & Williams
230 North Washington Avenue
Cookeville, Tennessee 38501

/s Ben H. Bodzy
Ben H. Bodzy (B.P.R. No. 23517)