IN THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| Stacy Brady,, Jeanette Champion, Marcia Denton, Darwin Dodson, Katherine Frasier, Harold Wayne Jackson, Arnee Milton, Donna Poling, Peggy Reeder, Diane Sawyer, Martha Sullivan, Stacy Thorne, Barbara Wilson, Tammy Wood, and San Young, ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | Case No. 2:08-cv-0058 (JURY DEMAND) Echols/Knowles |
| Centrum Reman, LLC, LTD Parts, Incorporated, VisteonCorporation, Centrum Equities XV, LLC, Terry Howard, and Sherry Vinson, ) ) ) ) ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the above named plaintiffs (collectively the "Plaintiff"), in accordance with the Court Order entered at D.E. #32 and hereby amend the complaint to add Centrum Reman, LLC as an additional party defendant. The amendment is set forth by restating the complaint in its entirety, subject to deleted parties and paragraphs as reflected in the prior Court Orders at D.E. #28 and #30. The plaintiffs additionally have deleted State law jurisdictional references as noted herein, the case having been removed to federal court by the existing defendants. Additionals and deletions are noted below in **bold** type. As cause of action against the defendants Centrum Reman, LLC, LTD Parts, Incorporated and Visteon Corporation (collectively "Visteon"), and Centrum Equities XV, LLC ("Centrum") the plaintifs would state and show as follows:

1

# I.
## Background & Jurisdiction

1. This is an action seeking damages and other relief for wrongful and retaliatory discharge and denial of protected rights, in violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq*), (the "FMLA"), and for retaliatory discharge brought under the common law and public policy of the State of Tennessee.

2. All or the substantial and significant events complained of herein, including the employment and termination of the plaintiffs, occurred in White County, Tennessee, Under *29 USC 2617 Section 107(2),* actions for damages and equitable relief under the FMLA can, at plaintiffs option, be maintained in any State court of competent jurisdiction. **[Remainder of Paragraph, Referencing State Court Jurisdiction, Intentionally Deleted].**

3. The defendant LTD Parts, Incorporated is a Tennessee corporation authorized to transact business in the State of Tennessee, and which owned and operated aftermarket hard parts business and manufacturing facilities, which included a facility located in White county, Tennessee (hereafter the "Visteon Plant"), through and including approximately January 31, 2008.

4. The defendant Visteon Corporation is a Delaware corporation which, through its wholly owned subsidiary or division LTD Parts, Incorporated, owned and operated the Visteon Plant through and including approximately January 31, 2008.

5. LTD Parts, Incorporated is a wholly owned division or subsidiary of Visteon Corporation. For purposes of this complaint the two entities will be referred to collectively as "Visteon".

6. For purposes of the FMLA and this lawsuit, LTD Parts, Incorporated and Visteon Corporation constitute an integrated and/or joint employer.

7. The defendant Centrum Equities XV, LLC is a Delaware limited liability company which has qualified to transact business in the State of Tennessee.

8. The defendant Centrum Equities XV, LLC, on or about January 31, 2008, acquired all of the assets of the aftermarket hard parts business of Visteon. This asset acquisition included the contracts, plant, facilities, business and on-going operations of the Visteon Plant operating in Sparta, White county, Tennessee.

**8.a. The defendant Centrum Reman, LLC, is a foreign limited liability company which has qualified to transact business in the State of Tennessee, and which, upon information and belief, was formed by Centrum Equities XV, LLC and others for the purpose of taking title to, and ultimately took title to the assets and operations of the aftermarket hard parts business of Visteon acquired on or about January 31, 2008.**

9. The defendant Centrum Equities XV, **LLC, Centrum Reman. LLC (collectively "Centrum")** and the individual defendants are each the successor in interest to Visteon within the meaning of *29 U.S.C. § 2611, 29 c.f.r. §825.107*, and Centrum is a successor corporation to Visteon within the meaning of Tennessee law.

10. Visteon, prior to January 31, 2008, and Centrum thereafter as its successor, were engaged in commerce or in an industry or activity affecting commerce.

11. Visteon, prior to January 31, 2008, and Centrum thereafter as its successor, employed and maintained on its payroll fifty (50) or more employees for each working day during each of 20 or more calendar work weeks in the current or the preceding calendar year at

3

the Visteon Plant or within 75 miles of the Visteon Plant.

12. Visteon, prior to January 31, 2008, and Centrum thereafter as its successor, are each an "employer" within the meaning of the FMLA and *29 U.S.C. §2611* and *29 c.f.r. § 825.104*.

13. Defendant Terry Howard, a Tennessee resident, was the person in charge of the Visteon Plant operations both before and after January 31, 2008, he acted in the interests of both Visteon before January 31, 2008 and Centrum thereafter with regard to employment decisions relating to these plaintiffs, and so, individually, he constitutes an "employer" within the meaning of the FMLA and *29 U.S.C. §2611* and *29 c.f.r. § 825.104*.

14. Upon information and belief Howard is the owner of a membership interest in Centrum and/or is its Chief Manager, with a right to share in the company's income and profits.

15. Defendant Sherry Vinson, a Tennessee resident, was the management level supervisor in charge of human resources at the Visteon Plant both before and after January 31, 2008, she acted in the interests of both Visteon before January 31, 2008, and Centrum thereafter, with regard to employment decisions relating to these plaintiffs, and so, individually, she constitutes an employer within the meaning of the FMLA and *29 U.S.C. §2611* and *29 c.f.r. § 825.104*.

16. Each of the plaintiffs named herein had been employed for at least twelve (12) months at the Visteon Plant prior to January 31, 2008.

17. Each of the plaintiffs named herein had performed at least 1,250 hours of compensable service at the Visteon Plant in the 12-month period immediately preceding January 31, 2008.

18. The plaintiffs each are and at all times relevant have been residents of the State of Tennessee.

## II.
## Underlying Facts & Claims

19. Each of the named plaintiffs were employed at the Visteon Plant until each of them were terminated by the defendants on or about January 31, 2008.

20. Prior to October 2007 the Visteon Plant was a unionized facility, and the hourly employees operated under a collective bargaining agreement.

21. A decertification election was conducted at the Visteon Plant, and as a result of this election the union was removed as the exclusive bargaining representative for the Visteon Plant hourly employees in October 2007 (the "Union Decertification Date").

22. Upon information and belief prior to or soon after the Union Decertification Date defendant Centrum and its representatives entered into negotiations to acquire all of the assets of the aftermarket hard parts business of defendant Visteon, including the Visteon Plant.

23. Centrum was formed in November 2007 as a vehicle to acquire the business and assets of Visteon, including the Visteon Plant, and upon information and belief, effective on or before January 31, 2008 the purchase and sales transaction was closed. At the time that this purchase and sales transaction was consummated, approximately 175 hourly employees worked in the Visteon Plant.

24. Each of the following named plaintiffs had applied for FMLA leave, had been granted approval by Visteon for FMLA leave for a "serious health condition" for themselves or close family members (spouse, son, daughter or parent), and/or had otherwise availed themselves

of rights protected under the FMLA and within the meaning of the FMLA and its interpretive regulations, between the date of the Union Decertification at the time of their termination on or about January 31, 2008: Stacy Brady, Ron Brandt*, Jeanette Champion, Marcia Denton, Darwin Dodson, Ronald Holman*, Harold Wayne Jackson, Katherine Frasier, Arnee Milton, Donna Poling, Diane Sawyer, Angela Sparks*, Martha Sullivan, Stacy Thorne, Barbara Wilson, Tammy Wood, and San Young. **[Nonsuited by Court Order at D.E. #28]**

25. Each of the following named plaintiffs were each, or were believed to be, active members of the union in place at the Visteon Plant prior to the Union Decertification Date: Stacy Brady, Ron Brandt*, Jeanette Champion, Darwin Dodson, Harold Wayne Jackson*, Arnee Milton, Donna Poling, Peggy Reeder, Diane Sawyer, Angela Sparks*, Martha Sullivan, Stacy Thorne, Tammy Wood, and San Young. **[Nonsuited by Court Order at D.E. #28]**

26. Each of the following named plaintiffs had a recent history of workers compensation claims, injuries and/or absences, or had otherwise availed themselves of their rights under the Tennessee Workers Compensation Act, and had workers compensation claims pending between the time of the Union Decertification Date and January 31, 2008: Stacy Brady, Katherine Fraiser, Ronald Holman*, Peggy Reeder, Martha Sullivan, Tammy Wood, and San Young. **[Nonsuited by Court Order at D.E. #28]**

27. On or about January 31, 2008 defendants Howard and Vinson, in apparent concurrent roles for Visteon and Centrum, Howard as chief of Sparta plant operations and Vinson as plant human resource director, conducted meetings with three (3) separate groups of the Visteon Plant hourly employees (the "Termination Meetings"). Prior to the Termination Meetings and in preparation for those meetings the hourly employees were each asked to

6

calculate all time that they had missed from work in the previous year. Approximately 35 of the estimated 175 employees were told at the Termination Meetings that their employment was being terminated effective immediately, and that they would not be rehired (the "Negative employment Decisions"). Upon information and belief the employee insurance benefits for these dismissed employees, or at least some of them, had actually been terminated approximately four (4) days prior to the day of the Termination Meetings.

28. At the Termination Meetings the defendants' representatives stated that the "new buyers" had already decided which employees would be retained and which would be terminated. The plaintiffs aver, with respect to the named plaintiffs herein, that these Negative Employment Decisions were based on and substantially and primarily motivated by their **[Phrase Intentionally Deleted Consistent with Court Order at Docket Entry #30]** availment of rights protected under the FMLA, and/or in retaliation for the exercise of these legally protected rights. These plaintiffs would further aver that the defendants used the change in ownership as an illegal excuse to conceal their true motivations remove the plaintiffs from the work force.

29. Most if not all of those Visteon Plant employees dismissed and not rehired had some combination of union involvement (prior to the Union Decertification Date in October 2007), workers compensation injuries and claims, and/or had availed themselves of rights protected under the FMLA. Some of those terminated were pregnant, a majority were over 40, and others were in protected classes. Plaintiffs would further aver that those few employees suffering Negative Employment Decisions and who were not members of the union, had not availed themselves of their FMLA rights, were in protected classes within the meaning of Title

7

VII and/or had pending workers compensation claims, were terminated either because the defendants had labelled them troublemakers and/or that they were innocent victims, who lost their jobs in order to conceal the true nature of the wholesale, illegal and improper termination of the ill, the lame and the infirm.

30. The defendants notified the Tennessee Department of Labor and Workforce Development that each of the plaintiffs were terminated for "lack of work". The plaintiffs would aver that this explanation is a pretext intended to conceal defendants' wrongdoing, and would aver in support of this claim that Centrum aggressively continued to hire and replace the vacated positions from and after the Termination Meetings, through direct hires and the use of employment placement agencies.

31. Since the transfer of the Visteon Plant there has been a substantial continuity of the same business operations including use of the same plant and equipment, a continuity of the work force other than those including the plaintiffs subject to the Negative Employment Decisions, that there has been a similarity of jobs and working conditions both before and after, a similarity of management and supervisory personnel, a similarity in machinery, equipment, and production methods, a similarity of products or services and a continuation of essentially the same contracts and agreements for the purchase and sale of raw materials, goods and services.

32. The defendants and each of them improperly interfered, restrained and/or denied the plaintiffs their rights and benefits protected under the FMLA.

33. The defendants and each of them retaliated against the plaintiffs for asserting and availing themselves of their rights available under and protected by the FMLA.

34. The plaintiffs seek all allowable damages under the FMLA including costs and

attorneys fees and each is entitled, under the FMLA, to be restored to his or her position of employment with equivalent employment benefits, back and front pay, lost benefits and equivalent values, and other terms, conditions and benefits of employment. Under the FMLA they are also entitled to an injunction obligating reinstatement, under such terms and conditions as the court deems appropriate. The plaintiffs are also entitled to liquidated damages, to interest on any awards, and to such other damages, awards, penalties and claims to which the court and/or the trier of fact deem them entitled.

35. Tennessee prohibits an employer from terminating an employee because that employee asserts a claim under the Tennessee Workers' Compensation Law of availed themselves of other protected rights. The plaintiffs who had asserted their right protected under the workers compensation laws would further aver that the negative employment decisions pertaining to each of them were substantially motivated by and casually connected to their respective availment of rights protected under the workers compensation laws of Tennessee Decisions with respect to each plaintiff made by the defendants were retaliatory in nature, made in violation of statutes and public policy of Tennessee, and for such wrongful conduct the defendants are and should be jointly and severally liable for damages.

36. The plaintiffs who had availed themselves of rights protected under the FMLA would each further aver that their discharge was substantially motivated in retaliation for their assertion of rights protected under the FMLA, and in violation of the public policy of the State of Tennessee and in retaliation for their assertion and availment of their legally protected rights and under the FMLA and Tennessee common and statutory law, and for such wrongful conduct the defendants are and should be jointly and severally liable for all allowable damages.

**37.** **[This Paragraph Intentionally Deleted per Court Order at Docket Entry #30]**

38. The plaintiffs aver that the defendants' actions in terminating their employment were taken in knowing, willful or reckless disregard of their rights protected by State and federal law, and so each of them are entitled to an award of punitive damages over and above any statutory and compensatory damages awarded, to deter such misconduct now and in the future.

39. The plaintiffs would further that the conduct of Visteon and Centrum would constitute a civil conspiracy under Tennessee law by engaging in concerted action either for an unlawful purpose or for a lawful purpose by unlawful means, coupled with the wrongful acts in terminating and failing to rehire based upon an unlawful purpose, and resulting in injury or damage to the plaintiffs, and for which each of the defendants, jointly and severally, should be held liable.

40. The plaintiffs seek all allowable damages under Tennessee law for wrongful and retaliatory discharge including compensatory damages, the right to be restored to their positions of employment with equivalent employment benefits, back and front pay, lost benefits and equivalent values, and other terms, conditions and benefits of employment including an injunction obligating reinstatement. The plaintiffs are also entitled to such other damages, awards, penalties and claims to which the court and/or the trier of fact deem them entitled and including punitive damage awards.

### III.
### Prayer for Relief

WHEREFORE, premises considered plaintiffs would pray:

1. For an award of compensatory as well as statutorily allowable damages, including liquidated damages and interest, lost compensation and benefits from the date of such loss, back

and front pay and attorney's fees, all as allowable by statute and all as a result of the violations of law and FMLA rights complained of herein, including retaliatory actions in violation of the FMLA, in such amount as the jury awards, and such award being jointly and severally against all defendants found to be employers within the meaning of the FMLA;

2. For an award of allowable compensatory damages, mental anguish, pain and suffering including lost wages and benefits, and front pay and benefits as permissible under Tennessee's common law, and an additional award of punitive damages all in such amounts as may be set by the jury in accordance with applicable law up to and including an award of $1,000,000.00 for each plaintiff, as the jury in its wisdom deems appropriate from the proof;

3. For a mandatory injunction and/or permanent Court Order requiring that the plaintiffs be returned to their former or an equivalent positions with the similar responsibilities and compensation, rights and benefits as they would enjoy had the illegal and improper actions not have occurred or, alternatively that they be awarded front pay in accordance with law;

4. That the plaintiffs be reimbursed their costs and attorneys fees in pursuing this action as is permissible under applicable law including the FMLA; and

5. For such other, further or differing relief, legal or equitable, as the Court deems appropriate.

6. This is the first request for equitable relief in this cause.

7. **A jury of twelve (12) is demanded in this cause.**

Respectfully submitted,

/s/Jonathan Young, Esq.
Jonathan Young, Esq.
**Cameron & Young**
100 South Jefferson Avenue
Cookeville, Tennessee  38501
(931) 526-3366
Co-counsel for all Plaintiffs

/s/ Kenneth S. Williams, Esq.
Kenneth S. Williams, Esq. (#10678)
Cynthia A. Wilson, Esq. (#13145)
**Madewell, Jared, Halfacre, Williams & Wilson**
230 North Washington Avenue
Cookeville, Tennessee  38501
(931) 526-6101
Co-counsel for all Plaintiffs

**CERTIFICATE OF SERVICE**

I the undersigned attorney do hereby certify that a true and exact copy of the foregoing pleading has been served on opposing counsel identified below for the existing parties, by ECF transmission, and/or by first class mail, postage prepaid, or both, on the date noted below.

Kenneth A. Weber, Esq. (#15730)
Emily H. Plotkin, Esq. (#22978)
Ben Bodzy, Esq. (#23517)
**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**
211 Commerce Street, Ste. 10000
Nashville, TN 37201

**/s/Ken Williams   12/17/2008**
**Attorney**