IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STACY BRADY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CASE NO. 2:08-0058 |
| | ) JUDGE ECHOLS / KNOWLES |
| | ) JURY DEMAND |
| | ) |
| LTD PARTS, INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon Plaintiffs' "Motion to Extend Deadlines and For New Trial Date." Docket No. 41. Defendants have filed a Response in Opposition to the Motion. Docket No. 43.

Plaintiffs seek a six-month "extension" of the discovery cut-off deadline, the dispositive motion deadline, and the deadline for Plaintiffs to identify expert witnesses. The grounds for the Motion are essentially that on May 18, 2008, when Plaintiffs filed their Complaint in this action, they submitted a Request for Production of Documents to Defendants, requesting in part that Defendants produce for each Plaintiff "their complete Workers Compensation Claim file, medical files, FMLA or other leave and benefit files . . . ." On September 4, 2008, Defendants objected to producing those documents, but stated that they would supplement their Response if and when additional responsive documents were located to the extent required by the Federal Rules of Civil Procedure.

Plaintiffs explain that, in early November 2008, they began asking Defendants to comply with the discovery requests and to produce Plaintiffs' workers compensation files, which were in the possession of Defendants' workers compensation carriers, Chubb & Sons Insurance, Inc., and the Hartford Insurance Company. Plaintiffs state that the Chubb files were produced, but that defense counsel explained they were having difficulty in obtaining the Hartford files. Plaintiffs proposed that they should subpoena the files, but Defendants requested "that they be permitted to gather these files in the traditional manner." Docket No. 41, p. 2. Numerous conversations occurred throughout November and December 2008 regarding the production of the Hartford files. On December 16, 2008, *Defendants* issued a subpoena for the files (Docket No. 36-1), but that subpoena was withdrawn on April, 2009 (Docket No. 36).

On April 20, 2009, Plaintiffs finally issued a subpoena to Hartford for the files. Docket No. 38. At the request of Plaintiffs' counsel, the Court participated in a telephone conference call on April 27, 2009. The instant Motion was filed May 1, 2009. The record reflects that the Hartford workers' compensation files were produced to Plaintiffs by Defendants for delivery on June 8, 2009, along with a privilege log. Docket No. 44.

Plaintiffs filed their original Complaint in this action on May 19, 2008, in the Circuit Court for White County, Tennessee. Docket No. 1-1. Defendants removed the action to this Court on June 18, 2008. Docket No. 1. The following day, June 19, 2008, the undersigned entered an Order explaining that the case would be set for trial at the Initial Case Management Conference and that it likely would be set for trial within one year from the date of the Initial Case Management Conference. The undersigned's Order further stated in relevant part:

> If the parties believe there is good cause for setting the trial beyond
> that one year limit, they shall explain that good cause in the Initial

> Case Management Order, and they shall be prepared to discuss that
> matter at the Initial Case Management Conference.
>
> Once the case is set for trial, it is unlikely that it will be continued
> by Judge Echols absent exceptional circumstances. The parties,
> therefore, are encouraged to discuss and formulate a realistic
> schedule for the preparation and trial of this case. *The parties are
> further directed to take all necessary steps to ensure that the case
> is ready for trial on the trial date selected.*[1]

Docket No. 4, p. 2 (emphasis added, footnote added).

On August 18, 2008, the Court held the Initial Case Management Conference and entered the Initial Case Management Order. Docket No. 22. The Initial Case Management Order provided in relevant part that: (1) discovery shall be completed by August 12, 2009; (2) Plaintiffs shall declare their expert witnesses on or before June 15, 2009; (3) dispositive Motions are due on or before September 12, 2009; (4) the case is set for trial January 12, 2010; and (5) the Final Pretrial Conference is scheduled for December 14, 2009. *Id*.

Fed. R. Civ. P. 16(b)(4) provides, "A schedule [in a Scheduling Order] may be modified only for good cause and with the Judge's consent." Plaintiffs have not shown good cause for the modifications they seek. The undersigned cannot modify the deadlines as requested by Plaintiffs without impacting the trial date, and the undersigned has no authority to continue the trial of this case, which is set before Judge Echols.

Moreover, as discussed above, Plaintiffs finally issued a subpoena for the Hartford workers compensation files on April 20, 2009. Approximately six weeks later, according to the record, those files were delivered to Plaintiffs' counsel. Docket No. 44. Obviously, Plaintiffs

---

[1] The undersigned emphasized these points to counsel for the parties during the telephone conference call on April 27, 2009, and during a second telephone conference call on June 10, 2009.

3

could have subpoenaed their own workers compensation files from Hartford any time within the last year. For whatever reason, they failed to do so.

Additionally, the discovery cut-off deadline is August 12, 2009. Thus, the parties have approximately two full months to conduct whatever discovery is necessary prior to the expiration of that deadline. Plaintiffs offer no reason whatsoever for why they need an additional six months to complete discovery, nor do they specify what discovery needs to be completed.

Finally, Plaintiffs have requested a six-month extension of the deadline for them to identify their expert witnesses, which is currently June 15, 2009. Once again, Plaintiffs offer no explanation for why they need an additional six months to identify experts. In this regard, the Court notes that Defendants' Response to the instant Motion states in part:

> Plaintiffs' counsel have indicated their intention to retain an expert on damages. However, Plaintiffs have offered no explanation in their Motion as to why their inability to access workers compensation files has any bearing on the Plaintiffs' alleged damages. Plaintiffs' claims or workers compensation retaliation claims and their alleged damages are readily ascertainable without reference to the contents of Plaintiffs' workers compensation files.

Docket No. 43, p. 2.

For the foregoing reasons, the instant "Motion to Extend Deadlines and For New Trial Date" (Docket No. 41) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

4

Case 2:08-cv-00058   Document 47   Filed 06/12/09   Page 4 of 4 PageID #: 282