IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| STACY BRADY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:08-0058 |
| | ) | JUDGE ECHOLS / KNOWLES |
| | ) | JURY DEMAND |
| | ) | |
| LTD PARTS, INCORPORATED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court upon Defendants' "Motion to Compel," filed June 10, 2009. Docket No. 46. Defendants seek to compel Plaintiffs to appear for depositions pursuant to notices that have been issued for Plaintiffs' depositions. The depositions are scheduled for the week of June 22, 2009.

The Motion refers to a situation that has been discussed by the Court in a previous Order. Docket No. 47. The Motion states that on June 8, 2009, the eight Plaintiffs who had Hartford workers compensation claims received copies of their workers compensation files, along with a privilege log. The Motion states that Plaintiffs had previously "refused" to appear for depositions until the Hartford workers' compensation files were produced. The Motion states, "Nevertheless, the un-deposed Plaintiffs have still refused to appear for depositions, this time citing deficiencies in the Defendants' privilege log pertaining to The Hartford workers compensation files." Docket No. 46. Defendants have agreed to serve an amended privilege log

no later than June 15, 2009, and, in response, Plaintiffs have agreed to allow the deposition of only one Plaintiff, Wayne Jackson.

Motions to Compel are governed by Fed. R. Civ. P. 37(a), any reference to which is conspicuously absent in the instant Motion. Rule 37(a)(1) states in relevant part, "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the personal party failing to make the disclosure or discovery in an effort to obtain it without court action." The instant Motion contains no such certification.

Moreover, Rule 37(a)(3)(B), which specifically pertains to "Specific Motions . . . To Compel a Discovery Response," states:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

The Rule does not provide for an Order compelling a party to appear for a deposition, at least until after the party has refused to do so. The failure of a party to attend his own deposition is addressed in Rule 37(d), which provides for sanctions if a party fails to appear for a deposition after being served with a proper notice.

At this point, it is simply not clear that Plaintiffs will not appear for their depositions. If

2

Plaintiffs fail to appear for properly-noticed depositions, they do so at their peril.

For the foregoing reasons, the instant "Motion to Compel" is not ripe for consideration and, therefore, it is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge