IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | |
|---|---|
| STACY BRADY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 2:08-cv-00058 |
| vs. ) | |
| ) | Judge Echols |
| CENTRUM REMAN, LLC, LTD PARTS, ) | Magistrate Judge Knowles |
| INCORPORATED, VISTEON CORPORATION, ) | |
| CENTRUM EQUITIES XV, LLC, TERRY ) | JURY DEMAND |
| HOWARD AND SHERRY VINSON ) | |
| ) | |
| Defendants. ) | |

## NOTICE AND SUPPLEMENTAL STATUS REPORT

Defendants Centrum Reman, LLC; LTD Parts, Inc.; Centrum Equities XV, LLC; Terry Howard and Sherry Vinson (collectively "Defendants") hereby provide this notice and supplemental report on matters addressed in the currently pending motions filed by the Plaintiffs and to update the Court on the status of Plaintiffs' alleged efforts to depose current employees of the bankrupt Defendant, Visteon Corporation.[1]

Plaintiffs have moved in their pending motions to continue the trial date and/or extend the discovery deadline. One of Plaintiffs' primary arguments in favor of this relief is to cite purported delays that have been or will be caused by Defendant Visteon Corporation's bankruptcy. According to the Plaintiffs, their discovery plans have been disrupted because they

---

[1] The pleadings in question are Plaintiffs' Motion for Declaratory Relief as to Proceeding with Discovery of a Bankrupt Defendant (Doc. No. 52), Defendants' Response thereto (Doc. No. 61) and Plaintiffs' Reply (Doc. No. 65); Plaintiffs' Rule 41(a)(2) Motion for Voluntary Dismissal (Doc. No. 54), Defendants' Response thereto (Doc. No. 59) and Plaintiffs' Reply (Doc. No. 63); and Plaintiffs' Appeal of Magistrate Judge's Ruling on Plaintiffs' Motion to Extend Deadlines and for New Trial Date (Doc. No. 55), Defendants' Response thereto (Doc. No. 60) and Plaintiffs' Reply (Doc. No. 64).

need to depose Visteon employees, but the case against Visteon has been stayed. The following facts demonstrate that there is no merit to the Plaintiffs' argument on this point.

On July 9, 2009, Plaintiffs filed 3 reply briefs. In those papers, Plaintiffs try to create the impression that they cannot depose current employees of Visteon due to the stay that went into effect when Visteon filed bankruptcy. For example, Plaintiffs have claimed that "[c]ertain Visteon employees who still work for the company likely fall within the protection of the automatic stay of bankruptcy and so cannot simply be 'noticed for depositions, as contended by defendants." (Doc. No. 64 at 2). The obvious intent is to leave the Court with the impression that an unnamed and undefined group of Visteon employees are beyond the Plaintiffs' reach in discovery. The facts are directly to the contrary.

Plaintiffs were advised long before they filed their reply briefs on July 9 that Visteon had agreed to make its employees available for deposition despite the bankruptcy stay. The correspondence attached hereto as Exhibits 1 through 5 proves this fact. The correspondence shows:

1. On June 24, 2009, Plaintiffs' counsel identified 6 Visteon employees that he wanted to depose. (Exhibit 1). Although this case had been pending in this Court for over a year, this was the first time that Plaintiffs disclosed who from Visteon they wanted to depose.

2. Defense counsel replied the very same day and advised Plaintiffs' counsel that 2 of the 6 people on the Visteon deposition list (Eric Struik and John Harju) were no longer employed by Visteon and their last known contact information would be forthcoming. (Exhibit 2).

3. Eighteen minutes later, defense counsel provided the promised last known contact information. (Exhibit 3). As of this writing, Plaintiffs still have not issued subpoenas or scheduled the depositions Mr. Struik or Mr. Harju.

4. On July 1, 2009, defense counsel advised Plaintiffs' counsel that he was still working to obtain (1) updated employment status information on the other 4 people on the Visteon deposition list, (2) last known contact information of any others on the list who were no longer employed by Visteon, and (3) clarification as to whether Visteon would make its current employees available for deposition despite the bankruptcy stay. Defense counsel also asked for a status update on the depositions of Mr. Struik and Mr. Harju. (Exhibit 4). Plaintiffs' counsel never replied to this email. In any event, no rational recipient of defense counsel's e-mail could have understood that Visteon would object Plaintiffs deposing its former employees due to the bankruptcy stay.

5. On July 7, 2009, defense counsel sent Plaintiffs' counsel another e-mail summarizing the previous communications on the Visteon depositions and following through on the commitments made in the July 1 e-mail. Moreover, Plaintiffs were advised without equivocation that Visteon would allow them to depose the 2 people on the Visteon deposition list who were still employed by Visteon. (See Exhibit 5). Defense counsel even reminded Plaintiffs' counsel of the approaching discovery deadline and the need to move quickly. As of this writing, Plaintiffs' counsel still have not made any effort to schedule the depositions.

In the meantime, Plaintiffs have filed pleadings in which they have reaffirmed their efforts to continue the trial date and extend the discovery deadline due to delays caused by the Visteon bankruptcy. The forgoing record reveals the truth. The only delays associated with the depositions of current or former Visteon employees are of Plaintiffs' own making. These facts

3

and the other issues addressed in the Defendants' responses to the pending motions demonstrate that there is no merit to Plaintiffs' claims and their motions should be denied.

Respectfully submitted,

s/ Kenneth A. Weber
Kenneth A. Weber, #15730
Emily H. Plotkin, #22978
Ben Bodzy, #23517
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
(615) 726-5600 (telephone)
(615) 726-0464 (facsimile)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2009, a copy of the Notice and Supplemental Status Report was filed electronically. Parties may access this filing through the Court's electronic filing system.

Jonathan Young
Cameron & Young
100 South Jefferson Avenue
Cookeville, Tennessee 38501

Kenneth S. Williams
Cynthia A. Wilson
Madewell, Jared, Halfacre, Williams & Wilson
230 North Washington Avenue
Cookeville, Tennessee 38501

s/Kenneth A. Weber
Kenneth A. Weber
