# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STACY BRADY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 2:08-0058 |
| ) | JUDGE ECHOLS/KNOWLES |
| ) | |
| ) | JURY DEMAND |
| LTD PARTS, INCORPORATED, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Defendants' "Motion for Protective Order With Respect to Plaintiffs' 30(b)(6) Deposition Notice." Docket No. 70. Defendants have also submitted a supporting Memorandum of Law. Docket No. 71.

Fed. R. Civ. P. 26(c)(1), which governs protective orders, provides in relevant part:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Additionally, Local Rule 37.01(a) states:

> Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issues shall be attached to any discovery motion.

The instant Motion does not contain the required certification or the required joint written statement.

Defendants have, however, submitted as an Exhibit to their Motion a copy of a letter

from Defendants' counsel to Plaintiffs' counsel dated July 17, 2009. Docket No. 70-1. The letter "follows and confirms" a telephone discussion between counsel on July 16, 2009. The letter discusses a number of "topics," some of which have not been objected to by Defendants, others of which have. The letter concludes as follows:

> In summary, the parties have not been able to reach an agreement on paragraphs 6, 7, 8, 11, 13 and 17(b). At the end of the call, I believe Ken stated that you would give further considerations to whether there was any more room for compromise on the scope of the Notice. We invite any other thoughts you may have on the issues that remain unresolved and we look forward to hearing from you.

Docket No. 70-1, p. 4.

Not only have the parties failed to submit the required certification, but it is also unclear whether the parties even could have submitted such a certification, in view of the fact that the letter plainly leaves open the opportunity for "further consideration," "room for compromise," and "any other thoughts . . . on the issues that remain unresolved . . . ."

As one Court has stated:

> This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court. Thus, the requirement of the certificate cannot be satisfied by including with the Motion copies of correspondence that discuss the discovery at issue. Rather, both attorneys must certify that they have conferred on the discovery issues in an attempt to resolve them. The Court is unwilling to decipher letters between counsel to conclude that the requirement has been met.

*Ross v. Citifinancial, Inc.,* 203 FRD 239, 240 (S.D. Miss. 2001).

For the foregoing reasons, the instant Motion for Protective Order (Docket No. 70) is DENIED.

2

IT IS SO ORDERED.

_E. Clifton Knowles_
E. Clifton Knowles
United States Magistrate Judge