IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | | |
|---|---|---|
| STACY BRADY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:08-cv-00058 |
| vs. | ) | |
| | ) | Judge Echols |
| CENTRUM REMAN, LLC, LTD PARTS, | ) | Magistrate Judge Knowles |
| INCORPORATED, VISTEON CORPORATION, | ) | |
| CENTRUM EQUITIES XV, LLC, TERRY | ) | JURY DEMAND |
| HOWARD AND SHERRY VINSON | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT DISCOVERY DISPUTE STATEMENT

As evidenced by the signatures of counsel, the parties hereby certify, pursuant to Local

Rule 37.01(a), that the following issues are in dispute as to the scope of Plaintiffs' Rule 30(b)(6)

Deposition Notice.  Also attached is correspondence between counsel for the parties regarding

the wording of the joint discovery dispute statement.  The paragraph numbers below match the

paragraph numbers in Plaintiffs' Rule 30(b)(6) Deposition Notice.

**Topic No. 8**

**Defendants proposed the following language to be included in the joint discovery dispute
statement:**

> Defendants object on the grounds that this topic is overbroad because it is not
> limited in time.  Defendants believe the time frame should be limited to January 1,
> 2006 to January 31, 2008.  Plaintiffs do not agree and believe that the time frame
> from January 1, 2006 to the current date is relevant.

**Plaintiffs proposed the following language to be included in the joint discovery dispute
statement**:

> We agree to limit the request to employment, harassment, employee benefit and
> employee/line production requirements including quotas per hour, day and week
> and quality.  This is necessary because nearly all of the plaintiffs were terminated
> and not rehired due to productivity issues.  In particular, Mike Allen stated that

Marcia Denton had a "very low quantity of work," Kathy Frasier had "very poor quantity work," Ann Sullivan had "low productivity," and Stacy Thorne had "low productivity." Doug Randolph stated that Arnee Milton had "constant issues affecting production," Jeanette Champion had "low productivity," and Ann Sullivan had "low productivity." Sherry Vinson stated that Marcia Denton was "lazy" and had "low productivity," and Stacy Thorne was "lazy."

Nearly all decision makers testified that there was no way to measure individual productivity of these plaintiffs except by watching them. We need all current policies to determine if there is any policy, rules, regulations, bonuses etc. relative to employee production which would belie the foregoing testimony.

"Racial" was listed as a reason by the decision makers as terminating and not rehiring the following plaintiffs: Ronald Brandt (former plaintiff), San Juana Young, Jeanette Champion, Wayne Jackson, Donna Poling (former plaintiff), Ann Sullivan, and Barbara Wilson. We need all policies to see if there is discipline steps for employees who are guilty of violating defendants' harassment policies and if those policies were adhered to by defendants.

We also need any pass through policies from major auto makers to LTD (OFCCP) relative harassment.

All of the foregoing pertain to the issue of pretext.

## Topic No. 11

**Defendants propose the following language to be included in the joint discovery dispute statement:**

Defendants object on the grounds that this topic is overbroad because it is not limited in time. Defendants believe the time frame should be limited to January 1, 2006 to January 31, 2008. Plaintiffs do not agree and believe that the time frame from January 1, 2006 to the current date is relevant.

**Plaintiffs propose the following language to be included in the joint discovery dispute statement**:

As the same management exists after the sale of LTD, we need to see if management is still terminating employees who have exercised their rights to FMLA. Alternatively, we have been told that LTD hires only temporary workers and terminates them before they reach their year anniversary.

## Topic No. 12

**Defendants propose the following language to be included in the joint discovery dispute statement:**

N KAW 702379 v4
2138171-000277 9/9/2009

Defendants object on the grounds that this topic is overly burdensome and is a Request for Production of Documents that should be made pursuant to Rule 34 of the Federal Rules of Civil Procedure, and not as a topic in a Rule 30(b)(6) notice of deposition. Plaintiffs assert that Defendants' objection is not valid and they are still within the period of written discovery.

**Plaintiffs propose the following language to be included in the joint discovery dispute statement**:

Your objection is not valid. Rule 30 even contemplates a significant document production in compliance with Rule 34. Further, we are still within the period of written discovery.

Contrary to the position taken by the defendants, the documents and information sought in paragraph 12 of the 30(b)(6) has already been requested in Plaintiffs' first written requests for discovery (specifically Request for Production No. 8) to which the Defendants responded on November 10, 2008, and in Plaintiffs' subsequent document requests submitted on July 6, 2009 to which defendants responded on August 15, 2009 (again, specifically, Request for Production No. 8, pertaining to disciplinary records of all employees). Both requests and responses are attached.

## Topic No. 13

**Defendants propose the following language to be included in the joint discovery dispute statement:**

Defendants object on the grounds that this topic is overbroad, unduly burdensome, and irrelevant. Plaintiffs do not agree and expect someone to testify on this topic as stated.

**Plaintiffs propose the following language to be included in the joint discovery dispute statement**:

During the depositions of decision makers, they testified that they were not allowed to discipline any employees after the exit of the union and before January 31, 2008. This is not true because we have at least 2 written warnings to former plaintiffs during this time period regarding productivity. In order to prove pretext, we need to see all employees' discipline files to see if there were written warnings for lack of productivity (see above), laziness (see above), disrespect to supervisors (San Juana Young), racial harassment (Jeanette Champion, Wayne Jackson, Ann Sullivan, San Juana Young and Barbara Wilson), disruptive behavior (Jeanette Champion, Kathy Frasier, Wayne Jackson, Diane Sawyer, Ann Sullivan and San Juana Young) and unable to work in a team environment (Arnee Milton and Kathy Frasier). We can prove pretext if there were LTD employees, who were guilty of the foregoing infractions and disciplined for it, but retained instead of

3

our plaintiffs who did not suffer such record of discipline and exercised their FMLA rights and/or filed worker's compensation claims.

In their statement concerning paragraph 13 of the Rule 30(b)(6), Defendants take the position that they did not review or use employee written disciplinary records as a basis to determine who would and would not be retained. Plaintiffs take the position that defendants cannot avoid the impact of actual employee discipline on these retention decisions by saying that they did not look at the actual written disciplinary records, and instead conveniently claim that they used their collective memories of incidents of discipline as a record to judge whether or not to retain an employee. In other words, the defendants want to rely on their collective memories rather than their actual written records of discipline to justify the firing of the plaintiffs in this case. Plaintiffs content these other employee disciplinary records are relevant both for use in impeachment, and to prove pretext. It is also noted that with respect to Plaintiffs' first written requests for discovery, Request for Production No. 8, to which the Defendants responded on November 10, 2008, plaintiffs sought discipline records for *all* employees availing themselves of FMLA and/or workers compensation rights in the time frame between 10/1/07 and 1/31/08 whether or not they were retained. Defendants *did not object* to this request for discipline records, instead avoiding the production itself by referring to the computer generated absenteeism records produced. For all such persons, there should be no dispute as to production of the requested records by the defendants. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules.

## Topic No. 22

**Defendants propose the following language to be included in the joint discovery dispute statement:**

Defendants object to topic 22 and the unnumbered paragraph at the end of the notice of 30(b)(6) deposition because the topics are overly burdensome and are requests for production of documents that should be propounded pursuant to Fed. R. Civ. P. 34. Plaintiffs assert that Defendants' objection is not valid and they are still within the period of written discovery.

**Plaintiffs propose the following language to be included in the joint discovery dispute statement**:

We need information relative to any discipline of temporary employees, and we do not waive any document production on this. See plaintiffs' response to Item 12 above which is incorporated by reference.

Contrary to the position taken by the defendants, the documents and information sought with respect to temporary workers in paragraph 12 of the 30(b)(6) has

N KAW 702379 v4
2138171-000277 9/9/2009

already been requested, specifically in written discovery submitted to defendants July 6, 2009 and responded to on August 15, 2009 (Requests for Production Nos. 8, 9 and 10). This information has not been voluntarily produced by the defendants as of this date. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules. Reference is also made to plaintiffs' statements set forth in paragraph 12 above, with respect their position regarding the production of temporary worker discipline records.

Respectfully submitted,

s/Kenneth A. Weber
Kenneth A. Weber (#15730)
Emily Plotkin (#022978)
Ben Bodzy (#023517)
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
(615) 726-5600 Telephone
(615) 726-0464 Facsimile

Attorneys for Defendants


s/Cynthia A. Wilson
Kenneth S. Williams (#10678)
Cynthia A. Wilson (#13145)
Madewell, Jared, Halfacre,
  Williams & Wilson
230 North Washington Avenue
Cookeville, TN 38501
(931) 526-6101 Telephone
(931) 528-1909 Facsimile

Attorneys for Plaintiffs

N KAW 702379 v4
2138171-000277 9/9/2009

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2009, a copy *Joint Discovery Dispute Statement* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

Jonathan Young
Cameron & Young
100 South Jefferson Avenue
Cookeville, Tennessee 38501

Kenneth S. Williams
Cynthia A. Wilson
Madewell, Jared, Halfacre,
  Williams & Wilson
230 North Washington Avenue
Cookeville, Tennessee 38501

s/Kenneth A. Weber
    Kenneth A. Weber

N KAW 702379 v4
2138171-000277 9/9/2009