# COLLECTIVE EXHIBIT

# Plotkin, Emily H.

| | |
|---|---|
| **From:** | Patton, Andrea |
| **Sent:** | Thursday, September 03, 2009 3:14 PM |
| **To:** | 'ksw@citlink.net' |
| **Cc:** | 'Wilson Cynthia'; Weber, Ken A.; Plotkin, Emily H. |
| **Subject:** | Brady, et al vs. LTD Parts, et al. |
| **Attachments:** | NASHDOCS-#702379-v2-Chubb_Centrum_Brady_-_Joint_Discovery_Dispute_Statement.DOC |

Ken,

I have attached a draft Joint Discovery Dispute Statement for your review. Please let me know if we have permission to sign you name.

Thank you.

Andrea

**Andrea L. Patton, R.P.**
Office Paralegal Manager
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Suite 1000
Nashville, TN 37201
Direct 615-726-5635
Fax 615-744-5635
E-mail apatton@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D.C.

Please consider the environment before printing this e-mail.

9/9/2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | | |
|---|---|---|
| STACY BRADY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:08-cv-00058 |
| vs. | ) | |
| | ) | Judge Echols |
| CENTRUM REMAN, LLC, LTD PARTS, | ) | Magistrate Judge Knowles |
| INCORPORATED, VISTEON CORPORATION, | ) | |
| CENTRUM EQUITIES XV, LLC, TERRY | ) | JURY DEMAND |
| HOWARD AND SHERRY VINSON | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT DISCOVERY DISPUTE STATEMENT

As evidenced by the signatures of counsel, the parties hereby certify, pursuant to Local Rule 37.01(a), that the following issues are in dispute as to the scope of Plaintiffs' Rule 30(b)(6) Deposition Notice. The paragraph numbers below match the paragraph numbers in Plaintiffs' Rule 30(b)(6) Deposition Notice.

8.    Defendants object on the grounds that this topic is overbroad because it requests information about policies and procedures that are not limited to employment-related policies and procedures and it is not limited in time. Plaintiffs agreed to limit the topic to employment, harassment, employee benefit, and employee/line production requirements, including quotas per hour, day and week and quality. Plaintiffs assert that these policies and procedures would also include pass through policies from major auto makers to LTD. These limitations are acceptable to the Defendants. Plaintiffs, however, do not agree to any limitation on time, and so the temporal scope of this topic is still in dispute.

11.    Defendants object on the grounds that this topic is overbroad because the time frame is not limited to the issues in controversy in this lawsuit. Defendants believe the time frame should be limited to January 1, 2006 to January 31, 2008. Plaintiffs do not agree and believe that the time frame from January 1, 2006 to the current date is relevant.

12.    Defendants object on the grounds that this topic is a Request for Production of Documents that should be made pursuant to Rule 34 of the Federal Rules of Civil Procedure, and not as a topic in a Rule 30(b)(6) notice of deposition. Defendants also object on the grounds that Plaintiffs are requesting the Defendants to prepare a deponent to arrive at the deposition with numerous documents that have not yet been produced or reviewed by Plaintiffs and to be

prepared to answer any particular question about said documents, despite the fact the Plaintiffs have not yet reviewed said documents or formulated any particular questions. This "document request" is being made less than two weeks before the end of discovery, when such request could have been made as early as May 19, 2008, when Plaintiffs served their first set of discovery in this lawsuit. Thus, such a request at this late stage, being made through a notice of 30(b)(6) deposition, is unduly burdensome to the Defendants because it is impossible to prepare a 30(b)(6) deponent for such a topic. Plaintiffs assert that Defendants' objection is not valid and they are still within the period of written discovery.

13.    Defendants object on the grounds that this topic is overbroad, unduly burdensome, and irrelevant, given that the request covers a time frame past January 31, 2008. Additionally Defendants submit it is extremely burdensome to prepare a witness to testify about every possible disciplinary action for every employee who has worked at the plant from January 1, 2006 to the present, including oral disciplinary actions, especially because the employees' written disciplinary records were not reviewed or used as a basis for determining who would be retained and who would not be retained after January 31, 2008. Plaintiffs do not agree and expect someone to testify on this topic as stated.

22.    Defendants object to topic 22 and the unnumbered paragraph at the end of the notice of 30(b)(6) deposition because Plaintiffs are requesting the Defendants to prepare a deponent to arrive at the deposition with numerous documents that have not yet been produced or reviewed by Plaintiffs and to be prepared to answer any particular question about said documents, despite the fact the Plaintiffs have not yet reviewed said documents or formulated any particular questions. This "document request" is being made less than two weeks before the end of discovery, when such request could have been made as early as May 19, 2008, when Plaintiffs served their first set of discovery in this lawsuit. Thus, such a request at this late stage, being made through a notice of 30(b)(6) deposition, is unduly burdensome to the Defendants because it is impossible to prepare a 30(b)(6) deponent for such a topic. Plaintiffs assert that Defendants' objection is not valid and they are still within the period of written discovery.

Respectfully submitted,


s/Kenneth A. Weber
Kenneth A. Weber (#15730)
Emily Plotkin (#022978)
Ben Bodzy (#023517)
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, TN  37201
(615) 726-5600 Telephone
(615) 726-0464 Facsimile

Attorneys for Defendants

2

Kenneth S. Williams (#10678)
Cynthia A. Wilson (#13145)
Madewell, Jared, Halfacre,
  Williams & Wilson
230 North Washington Avenue
Cookeville, TN 38501
(931) 526-6101 Telephone
(931) 528-1909 Facsimile

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on September 9, 2009, a copy *Joint Discovery Dispute Statement* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Jonathan Young
Cameron & Young
100 South Jefferson Avenue
Cookeville, Tennessee 38501

Kenneth S. Williams
Cynthia A. Wilson
Madewell, Jared, Halfacre,
  Williams & Wilson
230 North Washington Avenue
Cookeville, Tennessee 38501

s/Kenneth A. Weber
    Kenneth A. Weber

N KAW 702379 v2
2138171-000277 8/31/2009

## Plotkin, Emily H.

**From:** Patton, Andrea
**Sent:** Thursday, September 03, 2009 5:40 PM
**To:** 'ksw@citlink.net'
**Cc:** 'Wilson Cynthia'; Weber, Ken A.; Plotkin, Emily H.
**Subject:** RE: Brady, et al vs. LTD Parts, et al.

Ken,

We would like to file the Joint Discovery Dispute Statement tomorrow. Please let me know before the end of the day tomorrow whether we have permission to sign your name.

Thank you!

Andrea

Andrea L. Patton, R.P.
Office Paralegal Manager
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Suite 1000
Nashville, TN 37201
Direct: 615-726-5635
Fax: 615-744-5635
E-mail: apatton@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D.C.

Please consider the environment before printing this e-mail.

**From:** Patton, Andrea
**Sent:** Thursday, September 03, 2009 3:14 PM
**To:** 'ksw@citlink.net'
**Cc:** 'Wilson Cynthia'; Weber, Ken A.; Plotkin, Emily H.
**Subject:** Brady, et al vs. LTD Parts, et al.

Ken,

I have attached a draft Joint Discovery Dispute Statement for your review. Please let me know if we have permission to sign you name.

Thank you.

Andrea

Andrea L. Patton, R.P.
Office Paralegal Manager
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Suite 1000

9/9/2009

Nashville, TN 37201
Direct 615-726-5635
Fax 615-744-5635
E-mail agraton@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U S and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D C

Please consider the environment before printing this e-mail.

**From:** Cynthia A. Wilson [mailto:caw1@citlink.net]
**Sent:** Friday, September 04, 2009 1:57 PM
**To:** Weber, Ken A.
**Subject:** Re: Brady, et al vs. LTD Parts, et al.

Ken and I are in the process of reviewing your Joint Discovery Dispute Statement.

We do not agree with the same. In particular you have summarized our words, which is not acceptable.

Also, you have added substance to defendants' positions that causes us to formulate more definite and pointed responses to certain of the disputes.

We will have something to you this afternoon. We want our own wording to be used in the Joint Statement.

Cynthia A. Wilson, Esquire
Madewell, Jared, Halfacre, Williams & Wilson
230 N. Washington Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-6101
Facsimile: (931) 528-1909
Email: caw1@citlink.net

On Sep 4, 2009, at 1:36 PM, Weber, Ken A. wrote:

Ken and Cynthia,

We would appreciate the favor of a response to the emails below.

Thank you,

**Ken Weber**
Shareholder
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.7369

Fax: 615.744.7369
E-mail: kweber@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Patton, Andrea
**Sent:** Thursday, September 03, 2009 5:40 PM
**To:** 'ksw@citlink.net'
**Cc:** 'Wilson Cynthia'; Weber, Ken A.; Plotkin, Emily H.
**Subject:** RE: Brady, et al vs. LTD Parts, et al.

Ken,

We would like to file the Joint Discovery Dispute Statement tomorrow. Please let me know before the end of the day tomorrow whether we have permission to sign your name.

Thank you!

Andrea

**Andrea L. Patton, R.P.**
Office Paralegal Manager
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Suite 1000
Nashville, TN 37201
Direct: 615-726-5635
Fax: 615-744-5635
E-mail: apatton@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D.C.

**Please consider the environment before printing this e-mail.**

**From:** Patton, Andrea
**Sent:** Thursday, September 03, 2009 3:14 PM
**To:** 'ksw@citlink.net'
**Cc:** 'Wilson Cynthia'; Weber, Ken A.; Plotkin, Emily H.
**Subject:** Brady, et al vs. LTD Parts, et al.

Ken,

I have attached a draft Joint Discovery Dispute Statement for your review. Please let me know if we have permission to sign you name.

Thank you.

Andrea

## Andrea L. Patton, R.P.

Office Paralegal Manager
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Suite 1000
Nashville, TN 37201
Direct: 615-726-5635
Fax: 615-744-5635
E-mail: apatton@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Georgia, Louisiana, Mississippi, Tennessee
and Washington, D.C.

Please consider the environment before printing this e-mail.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

## Weber, Ken A.

| | |
|---|---|
| **From:** | williams ken [ksw@citlink.net] |
| **Sent:** | Friday, September 04, 2009 4:38 PM |
| **To:** | Weber, Ken A.; Bodzy, Ben |
| **Cc:** | williams ken; Wilson Cynthia; DeAtley Barbara |
| **Subject:** | Ltd Parts - Discovery Dispute Joint Statement |

Ken. I've been out of the office since Monday in depositions. I will also be out of the office all of next week, so please be sure to direct your calls, correspondence and emails to Cynthia. Because Cynthia had to leave this afternoon, I will follow up on her email with regard to the Joint Discovery Dispute Statement. My thought is that the two of you talk first thing Tuesday morning to hammer out the final form. That, however, is your call.

In general terms the proper format for the Statement would seem to be to (1) set forth the 30(b)(6) request by number, corresponding to the paragraph number in the 30(b)(6); (2) followed by defendant's position; and (3) followed by plaintiffs' position. Again, the format is your call since it is your Motion. Regardless, and as pointed out in Cynthia's earlier email, for each item in dispute we would like the plaintiffs' position taken verbatim from Cynthia's earlier letter.

As well as what Cynthia set forth in her earlier letter for paragraphs 12 and 22, we would add the following additional language to the appropriate part in dispute setting for the plaintiffs' position:

12. Contrary to the position taken by the defendants, the documents and information sought in paragraph 12 of the 30 (b)(6) has already been requested in Plaintiffs' first written requests for discovery (specifically Request for Production No. 8) to which the Defendants responded on November 10, 2008, and in Plaintiffs' subsequent document requests submitted on July 6, 2009 to which defendants responded on August 15, 2009 (again, specifically, Request for Production No. 8, pertaining to disciplinary records of all employees). Both requests and responses are attached. In their statement concerning paragraph 13 of the Rule 30(b)(6), Defendants take the position that they did not review or use employee written disciplinary records as a basis to determine who would and would not be retained. Plaintiffs take the position that defendants cannot avoid the impact of actual employee discipline on these retention decisions by saying that they did not look at the actual written disciplinary records, and instead conveniently claim that they used their collective memories of incidents of discipline as a record to judge whether or not to retain an employee. In other words, the defendants want to rely on their collective memories rather than their actual written records of discipline to justify the firing of the plaintiffs in this case. Plaintiffs contend these other employee disciplinary records are relevant both for use in impeachment, and to prove pretext. It is also noted that with respect to Plaintiffs' first written requests for discovery, Request for Production No. 8, to which the Defendants responded on November 10, 2008, plaintiffs sought discipline records for *all* employees availing themselves of FMLA and/or workers compensation rights in the time frame between 10/1/07 and 1/31/08 whether or not they were retained. Defendants *did not object* to this request for discipline records, instead avoiding the production itself by referring to the computer generated absenteeism records produced. For all such persons, there should be no dispute as to production of the requested records by the defendants. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules.

22. Contrary to the position taken by the defendants, the documents and information sought with respect to temporary workers in paragraph 12 of the 30(b)(6) has already been requested, specifically in written discovery submitted to defendants July 6, 2009 and responded to on August 15, 2009 (Requests for Production Nos. 8, 9 and 10). This information has not been voluntarily produced by the defendants as of this date. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules. Reference is also made to plaintiffs' statements

set forth in paragraph 12 above, with respect their position regarding the production of temporary worker discipline records.

Cynthia will also want to conduct the required telephone call on these discovery issues from our prior production requests. Since the issues are the same my thought is that the parties address the issues simultaneously. Cynthia should also be in a position to address the matters in Ben's recent letter, and any other matters that may need to be addressed.

Best Regards, Ken

Kenneth S Williams,Esq.
**Madewell, Jared, Halfacre,**
**Williams & Wilson**
230 No. Washington Avenue
Cookeville, Tennessee 38501
Telephone: (931) 526 - 6101
Facsimile: (931) 528 - 1909
Email: ksw@citlink.net

*This message is privileged and confidential. If you receive it in error, please delete it immediately and notify the sender* Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute a waiver of any applicable legal privilege.

# Plotkin, Emily H.

| | |
|---|---|
| **From:** | Plotkin, Emily H. |
| **Sent:** | Tuesday, September 08, 2009 10:06 AM |
| **To:** | 'Ken Williams'; 'caw1@citlink.net' |
| **Cc:** | Weber, Ken A.; Bodzy, Ben |
| **Subject:** | FW: Ltd Parts - Discovery Dispute Joint Statement |
| **Attachments:** | Plotkin, Emily H..vcf; NASHDOCS-#702379-v3-Chubb_Centrum_Brady_-_Joint_Discovery_Dispute_Statement.DOC |

Ken and Cynthia,

I am working with Ken Weber on this particular discovery dispute. Per Local Rule 37.01, the discovery dispute statement need not set out either party's argument, but merely must state the matters at issue in the discovery dispute. Based on this rule, I have revised the discovery dispute statement to state solely the matters at issue. Please let me know if we have your permission to sign this version. If you have any questions, please contact me at 615-726-5614. Thank you.

Emily

## Emily H. Plotkin
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Weber, Ken A.
**Sent:** Tuesday, September 08, 2009 9:22 AM
**To:** Plotkin, Emily H.
**Subject:** FW: Ltd Parts - Discovery Dispute Joint Statement

FYI

**From:** williams ken [mailto:ksw@citlink.net]
**Sent:** Friday, September 04, 2009 4:38 PM
**To:** Weber, Ken A.; Bodzy, Ben
**Cc:** williams ken; Wilson Cynthia; DeAtley Barbara
**Subject:** Ltd Parts - Discovery Dispute Joint Statement

Ken, I've been out of the office since Monday in depositions. I will also be out of the office all of next week, so please be sure to direct your calls, correspondence and emails to Cynthia. Because Cynthia had to leave this afternoon, I will follow up on her email with regard to the Joint Discovery Dispute Statement. My thought is that the two of you talk first thing Tuesday morning to hammer out the final form. That, however, is your call.

In general terms the proper format for the Statement would seem to be to (1) set forth the 30(b)(6) request by number, corresponding to the paragraph number in the 30(b)(6); (2) followed by defendant's position; and (3) followed by plaintiffs' position. Again, the format is your call since it is your Motion. Regardless, and as pointed out in Cynthia's earlier email, for each item in dispute we would like the plaintiffs' position taken verbatim from Cynthia's earlier letter.

As well as what Cynthia set forth in her earlier letter for paragraphs 12 and 22, we would add the following additional language to the appropriate part in dispute setting for the plaintiffs' position:

12. Contrary to the position taken by the defendants, the documents and information sought in paragraph 12 of the 30(b)(6) has already been requested in Plaintiffs' first written requests for discovery (specifically Request for Production No. 8) to which the Defendants responded on November 10, 2008, and in Plaintiffs' subsequent document requests submitted on July 6, 2009 to which defendants responded on August 15, 2009 (again, specifically, Request for Production No. 8, pertaining to disciplinary records of all employees). Both requests and responses are attached. In their statement concerning paragraph 13 of the Rule 30(b)(6), Defendants take the position that they did not review or use employee written disciplinary records as a basis to determine who would and would not be retained. Plaintiffs take the position that defendants cannot avoid the impact of actual employee discipline on these retention decisions by saying that they did not look at the actual written disciplinary records, and instead conveniently claim that they used their collective memories of incidents of discipline as a record to judge whether or not to retain an employee. In other words, the defendants want to rely on their collective memories rather than their actual written records of discipline to justify the firing of the plaintiffs in this case. Plaintiffs contend these other employee disciplinary records are relevant both for use in impeachment, and to prove pretext. It is also noted that with respect to Plaintiffs' first written requests for discovery, Request for Production No. 8, to which the Defendants responded on November 10, 2008, plaintiffs sought discipline records for *all* employees availing themselves of FMLA and/or workers compensation rights in the time frame between 10/1/07 and 1/31/08 whether or not they were retained. Defendants *did not object* to this request for discipline records, instead avoiding the production itself by referring to the computer generated absenteeism records produced. For all such persons, there should be no dispute as to production of the requested records by the defendants. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30 (b)(6) deposition, and in accordance with the Local Rules

22. Contrary to the position taken by the defendants, the documents and information sought with respect to temporary workers in paragraph 12 of the 30(b)(6) has already been requested, specifically in written discovery submitted to defendants July 6, 2009 and responded to on August 15, 2009 (Requests for Production Nos. 8, 9 and 10). This information has not been voluntarily produced by the defendants as of this date. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules. Reference is also made to plaintiffs' statements set forth in paragraph 12 above, with respect to their position regarding the production of temporary worker discipline records.

Cynthia will also want to conduct the required telephone call on these discovery issues from our prior production requests. Since the issues are the same my thought is that the parties address the issues simultaneously. Cynthia should also be in a position to address the matters in Ben's recent letter, and any other matters that may need to be addressed.

Best Regards, Ken

Kenneth S. Williams,Esq.
**Madewell, Jared, Halfacre,**
**Williams & Wilson**
230 No. Washington Avenue
Cookeville, Tennessee 38501
Telephone: (931) 526 - 6101
Facsimile: (931) 528 - 1909
Email: *ksw@citlink.net*

*This message is privileged and confidential. If you receive it in error, please delete it immediately and notify the sender* Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute a waiver of any applicable legal privilege.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | | |
|---|---|---|
| STACY BRADY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:08-cv-00058 |
| vs. | ) | |
| | ) | Judge Echols |
| CENTRUM REMAN, LLC, LTD PARTS, | ) | Magistrate Judge Knowles |
| INCORPORATED, VISTEON CORPORATION, | ) | |
| CENTRUM EQUITIES XV, LLC, TERRY | ) | JURY DEMAND |
| HOWARD AND SHERRY VINSON | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT DISCOVERY DISPUTE STATEMENT

As evidenced by the signatures of counsel, the parties hereby certify, pursuant to Local

Rule 37.01(a), that the following issues are in dispute as to the scope of Plaintiffs' Rule 30(b)(6)

Deposition Notice. The paragraph numbers below match the paragraph numbers in Plaintiffs'

Rule 30(b)(6) Deposition Notice.

8. Defendants object on the grounds that this topic is overbroad because it is not
limited in time. Defendants believe the time frame should be limited to January 1, 2006 to
January 31, 2008. Plaintiffs do not agree and believe that the time frame from January 1, 2006 to
the current date is relevant.

11. Defendants object on the grounds that this topic is overbroad because it is not
limited in time. Defendants believe the time frame should be limited to January 1, 2006 to
January 31, 2008. Plaintiffs do not agree and believe that the time frame from January 1, 2006 to
the current date is relevant.

12. Defendants object on the grounds that this topic is overly burdensome and is a
Request for Production of Documents that should be made pursuant to Rule 34 of the Federal
Rules of Civil Procedure, and not as a topic in a Rule 30(b)(6) notice of deposition. Plaintiffs
assert that Defendants' objection is not valid and they are still within the period of written
discovery.

13. Defendants object on the grounds that this topic is overbroad, unduly
burdensome, and irrelevant. Plaintiffs do not agree and expect someone to testify on this topic as
stated.

22.     Defendants object to topic 22 and the unnumbered paragraph at the end of the notice of 30(b)(6) deposition because the topics are overly burdensome and are requests for production of documents that should be propounded pursuant to Fed. R. Civ. P. 34.  Plaintiffs assert that Defendants' objection is not valid and they are still within the period of written discovery.

Respectfully submitted,

s/Kenneth A. Weber
Kenneth A. Weber (#15730)
Emily Plotkin (#022978)
Ben Bodzy (#023517)
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, TN  37201
(615) 726-5600 Telephone
(615) 726-0464 Facsimile

Attorneys for Defendants


Kenneth S. Williams (#10678)
Cynthia A. Wilson (#13145)
Madewell, Jared, Halfacre,
  Williams & Wilson
230 North Washington Avenue
Cookeville, TN  38501
(931) 526-6101 Telephone
(931) 528-1909 Facsimile

Attorneys for Plaintiffs

2

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2009, a copy *Joint Discovery Dispute Statement* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Jonathan Young
Cameron & Young
100 South Jefferson Avenue
Cookeville, Tennessee 38501

Kenneth S. Williams
Cynthia A. Wilson
Madewell, Jared, Halfacre,
  Williams & Wilson
230 North Washington Avenue
Cookeville, Tennessee 38501

s/Kenneth A. Weber
Kenneth A. Weber

N KAW 702379 v3
2138171-000277 9/8/2009

**Plotkin, Emily H.**

_____

**From:** Cynthia A. Wilson [caw1@citlink.net]
**Sent:** Tuesday, September 08, 2009 10:34 AM
**To:** Plotkin, Emily H.
**Subject:** Re: Ltd Parts - Discovery Dispute Joint Statement
**Attachments:** Plotkin, Emily H..vcf; ATT1909433.htm; NASHDOCS-#702379-v3-Chubb_Centrum_Brady_-
_Joint_Discovery_Dispute_Statement.DOC; ATT1909434.htm

No.

Please draft as we stated.

Cynthia A. Wilson, Esquire
Madeweli, Jared, Halfacre, Williams & Wilson
230 N. Washington Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-6101
Facsimile: (931) 528-1909
Email: caw1@citlink.net


On Sep 8, 2009, at 10:05 AM, Plotkin, Emily H. wrote:

Ken and Cynthia,

I am working with Ken Weber on this particular discovery dispute. Per Local Rule 37.01, the
discovery dispute statement need not set out either party's argument, but merely must state the
matters at issue in the discovery dispute. Based on this rule, I have revised the discovery dispute
statement to state solely the matters at issue. Please let me know if we have your permission to
sign this version. If you have any questions, please contact me at 615-726-5614. Thank you.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in
Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Weber, Ken A.
**Sent:** Tuesday, September 08, 2009 9:22 AM
**To:** Plotkin, Emily H.

**Subject:** FW: Ltd Parts - Discovery Dispute Joint Statement

FYI

**From:** williams ken [mailto:ksw@citlink.net]
**Sent:** Friday, September 04, 2009 4:38 PM
**To:** Weber, Ken A.; Bodzy, Ben
**Cc:** williams ken; Wilson Cynthia; DeAtley Barbara
**Subject:** Ltd Parts - Discovery Dispute Joint Statement

Ken, I've been out of the office since Monday in depositions. I will also be out of the office all of next week, so please be sure to direct your calls, correspondence and emails to Cynthia. Because Cynthia had to leave this afternoon, I will follow up on her email with regard to the Joint Discovery Dispute Statement. My thought is that the two of you talk first thing Tuesday morning to hammer out the final form. That, however, is your call.

In general terms the proper format for the Statement would seem to be to (1) set forth the 30(b)(6) request by number, corresponding to the paragraph number in the 30(b)(6); (2) followed by defendant's position; and (3) followed by plaintiffs' position. Again, the format is your call since it is your Motion. Regardless, and as pointed out in Cynthia's earlier email, for each item in dispute we would like the plaintiffs' position taken verbatim from Cynthia's earlier letter.

As well as what Cynthia set forth in her earlier letter for paragraphs 12 and 22, we would add the following additional language to the appropriate part in dispute setting for the plaintiffs' position:

12. Contrary to the position taken by the defendants, the documents and information sought in paragraph 12 of the 30(b)(6) has already been requested in Plaintiffs' first written requests for discovery (specifically Request for Production No. 8) to which the Defendants responded on November 10, 2008, and in Plaintiffs' subsequent document requests submitted on July 6, 2009 to which defendants responded on August 15, 2009 (again, specifically, Request for Production No. 8, pertaining to disciplinary records of all employees). Both requests and responses are attached. In their statement concerning paragraph 13 of the Rule 30(b)(6), Defendants take the position that they did not review or use employee written disciplinary records as a basis to determine who would and would not be retained. Plaintiffs take the position that defendants cannot avoid the impact of actual employee discipline on these retention decisions by saying that they did not look at the actual written disciplinary records, and instead conveniently claim that they used their collective memories of incidents of discipline as a record to judge whether or not to retain an employee. In other words, the defendants want to rely on their collective memories rather than their actual written records of discipline to justify the firing of the plaintiffs in this case. Plaintiffs contend these other employee disciplinary records are relevant both for use in impeachment, and to prove pretext. It is also noted that with respect to Plaintiffs' first written requests for discovery, Request for Production No. 8, to which the Defendants responded on November 10, 2008, plaintiffs sought discipline records for *all* employees availing themselves of FMLA and/or workers compensation rights in the time frame between 10/1/07 and 1/31/08 whether or not they were retained. Defendants *did not object* to this request for discipline records, instead avoiding the production itself by referring to the computer generated absenteeism records produced. For all such persons, there should be no dispute

as to production of the requested records by the defendants. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules

22. Contrary to the position taken by the defendants, the documents and information sought with respect to temporary workers in paragraph 12 of the 30 (b)(6) has already been requested, specifically in written discovery submitted to defendants July 6, 2009 and responded to on August 15, 2009 (Requests for Production Nos. 8, 9 and 10). This information has not been voluntarily produced by the defendants as of this date. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules. Reference is also made to plaintiffs' statements set forth in paragraph 12 above, with respect their position regarding the production of temporary worker discipline records.

Cynthia will also want to conduct the required telephone call on these discovery issues from our prior production requests. Since the issues are the same my thought is that the parties address the issues simultaneously. Cynthia should also be in a position to address the matters in Ben's recent letter, and any other matters that may need to be addressed.

Best Regards, Ken

Kenneth S. Williams,Esq.
**Madewell, Jared, Halfacre,**
**Williams & Wilson**
230 No. Washington Avenue
Cookeville, Tennessee 38501
Telephone: (931) 526 - 6101
Facsimile: (931) 528 - 1909
Email: ksw@citlink.net

*This message is privileged and confidential. If you receive it in error, please delete it immediately and notify the sender.* Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute a waiver of any applicable legal privilege.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

## Plotkin, Emily H.

| | |
|---|---|
| **From:** | Cynthia A. Wilson [caw1@citlink.net] |
| **Sent:** | Tuesday, September 08, 2009 11:44 AM |
| **To:** | Plotkin, Emily H. |
| **Cc:** | ksw@citlink.net |
| **Subject:** | Re: Ltd Parts - Discovery Dispute Joint Statement |
| **Attachments:** | Plotkin, Emily H..vcf; ATT1911857.htm |

Well, no it does not comply with Local Rule 37.01, which states, "...the parties shall prepare a joint written statement of the matters at issue..." Your statement is not joint. It is defendants' version. Again, I request that you please include our language. We do not accept your inaccurate paraphrasing. If I am procedurally incorrect, then let the record so reflect and I will suffer any embarrassment. What is the big deal??? I am trying every method of cooperation in getting this filed. Just include our language and let the Court decide.

If you would like, I can file what you have drafted and add our language that you refuse to insert.

Cynthia A. Wilson, Esquire
Madewell, Jared, Halfacre, Williams & Wilson
230 N. Washington Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-6101
Facsimile: (931) 528-1909
Email: caw1@citlink.net

On Sep 8, 2009, at 11:24 AM, Plotkin, Emily H. wrote:

Cynthia,

The discovery dispute statement I provided you this morning complies with Local Rule 37.01 as is. We are not going to include additional argument in this statement. The argument is to be reserved for the briefing, and you will have opportunity to provide such argument in your brief in response to the motion for protective order. As you know, we are trying to get this motion for protective order filed this week. If you cannot agree to this joint discovery dispute statement, which as noted complies with the local rules, we will be canceling the 30(b)(6) deposition, and you will be required to file a motion to compel.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Cynthia A. Wilson [mailto:caw1@citlink.net]
**Sent:** Tuesday, September 08, 2009 10:34 AM
**To:** Plotkin, Emily H.
**Subject:** Re: Ltd Parts - Discovery Dispute Joint Statement

No.

Please draft as we stated.

Cynthia A. Wilson, Esquire
Madewell, Jared, Halfacre, Williams & Wilson
230 N. Washington Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-6101
Facsimile: (931) 528-1909
Email: caw1@citlink.net

On Sep 8, 2009, at 10:05 AM, Plotkin, Emily H. wrote:

Ken and Cynthia,

I am working with Ken Weber on this particular discovery dispute. Per Local
Rule 37.01, the discovery dispute statement need not set out either party's
argument, but merely must state the matters at issue in the discovery dispute.
Based on this rule, I have revised the discovery dispute statement to state
solely the matters at issue. Please let me know if we have your permission to
sign this version. If you have any questions, please contact me at 615-726-
5614. Thank you.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S.
and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and
Washington, D.C.

FYI

**From:** williams ken [mailto:ksw@citlink.net]
**Sent:** Friday, September 04, 2009 4:38 PM
**To:** Weber, Ken A.; Bodzy, Ben
**Cc:** williams ken; Wilson Cynthia; DeAtley Barbara
**Subject:** Ltd Parts - Discovery Dispute Joint Statement

Ken, I've been out of the office since Monday in depositions. I will
also be out of the office all of next week, so please be sure to direct
your calls, correspondence and emails to Cynthia. Because Cynthia
had to leave this afternoon, I will follow up on her email with regard
to the Joint Discovery Dispute Statement. My thought is that the two
of you talk first thing Tuesday morning to hammer out the final
form. That, however, is your call.

In general terms the proper format for the Statement would seem to
be to (1) set forth the 30(b)(6) request by number, corresponding to
the paragraph number in the 30(b)(6); (2) followed by defendant's
position; and (3) followed by plaintiffs' position. Again, the format is
your call since it is your Motion. Regardless, and as pointed out in
Cynthia's earlier email, for each item in dispute we would like the
plaintiffs' position taken verbatim from Cynthia's earlier letter.

As well as what Cynthia set forth in her earlier letter for paragraphs
12 and 22, we would add the following additional language to the
appropriate part in dispute setting for the plaintiffs' position:

12. Contrary to the position taken by the defendants, the documents
and information sought in paragraph 12 of the 30(b)(6) has already
been requested in Plaintiffs' first written requests for discovery
(specifically Request for Production No. 8) to which the Defendants
responded on November 10, 2008, and in Plaintiffs' subsequent
document requests submitted on July 6, 2009 to which defendants
responded on August 15, 2009 (again, specifically, Request for
Production No. 8, pertaining to disciplinary records of all
employees). Both requests and responses are attached. In their
statement concerning paragraph 13 of the Rule 30(b)(6),
Defendants take the position that they did not review or use
employee written disciplinary records as a basis to
determine who would and would not be retained. Plaintiffs
take the position that defendants cannot avoid the impact of
actual employee discipline on these retention decisions by
saying that they did not look at the actual written
disciplinary records, and instead conveniently claim that
they used their collective memories of incidents of
discipline as a record to judge whether or not to retain an
employee. In other words, the defendants want to rely on
their collective memories rather than their actual written
records of discipline to justify the firing of the plaintiffs in

this case. Plaintiffs contend these other employee disciplinary records are relevant both for use in impeachment, and to prove pretext. It is also noted that with respect to Plaintiffs' first written requests for discovery, Request for Production No. 8, to which the Defendants responded on November 10, 2008, plaintiffs sought discipline records for *all* employees availing themselves of FMLA and/or workers compensation rights in the time frame between 10/1/07 and 1/31/08 whether or not they were retained. Defendants *did not object* to this request for discipline records, instead avoiding the production itself by referring to the computer generated absenteeism records produced. For all such persons, there should be no dispute as to production of the requested records by the defendants. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30 (b)(6) deposition, and in accordance with the Local Rules

22. Contrary to the position taken by the defendants, the documents and information sought with respect to temporary workers in paragraph 12 of the 30(b)(6) has already been requested, specifically in written discovery submitted to defendants July 6, 2009 and responded to on August 15, 2009 (Requests for Production Nos. 8, 9 and 10). This information has not been voluntarily produced by the defendants as of this date. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules. Reference is also made to plaintiffs' statements set forth in paragraph 12 above, with respect their position regarding the production of temporary worker discipline records.

Cynthia will also want to conduct the required telephone call on these discovery issues from our prior production requests. Since the issues are the same my thought is that the parties address the issues simultaneously. Cynthia should also be in a position to address the matters in Ben's recent letter, and any other matters that may need to be addressed.

Best Regards, Ken

Kenneth S. Williams,Esq.
**Madewell, Jared, Halfacre,**
**Williams & Wilson**
230 No. Washington Avenue
Cookeville, Tennessee 38501
Telephone: (931) 526 - 6101
Facsimile: (931) 528 - 1909
Email: ksw@citlink.net

*This message is privileged and confidential. If you receive it in error, please delete it immediately and notify the sender* Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute a waiver of any applicable legal privilege.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

**Plotkin, Emily H.**

| | |
|---|---|
| **From:** | Plotkin, Emily H. |
| **Sent:** | Tuesday, September 08, 2009 11:52 AM |
| **To:** | 'Cynthia A. Wilson' |
| **Cc:** | ksw@citlink.net; Weber, Ken A.; Bodzy, Ben |
| **Subject:** | RE: Ltd Parts - Discovery Dispute Joint Statement |
| **Attachments:** | Plotkin, Emily H..vcf |

Cynthia,

The joint discovery dispute statement is merely a statement of the defendants' objection to the various topics and the plaintiffs' response. There is no argument on behalf of either party. As such, it is joint. Your arguments may be included in your response brief, the same as the defendants' arguments are being included in its memorandum in support of its motion for summary judgment.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

> **From:** Cynthia A. Wilson [mailto:caw1@citlink.net]
> **Sent:** Tuesday, September 08, 2009 11:44 AM
> **To:** Plotkin, Emily H.
> **Cc:** ksw@citlink.net
> **Subject:** Re: Ltd Parts - Discovery Dispute Joint Statement
>
> Well, no it does not comply with Local Rule 37.01, which states, "...the parties shall prepare a joint written statement of the matters at issue..." Your statement is not joint. It is defendants' version. Again, I request that you please include our language. We do not accept your inaccurate paraphrasing. If I am procedurally incorrect, then let the record so reflect and I will suffer any embarrassment. What is the big deal??? I am trying every method of cooperation in getting this filed. Just include our language and let the Court decide.
>
> If you would like, I can file what you have drafted and add our language that you refuse to insert.
>
> Cynthia A. Wilson, Esquire
> Madewell, Jared, Halfacre, Williams & Wilson
> 230 N. Washington Avenue
> Cookeville, Tennessee 38501
> Phone: (931) 526-6101

9/9/2009

On Sep 8, 2009, at 11:24 AM, Plotkin, Emily H. wrote:

Cynthia,

The discovery dispute statement I provided you this morning complies with Local Rule 37.01 as is. We are not going to include additional argument in this statement. The argument is to be reserved for the briefing, and you will have opportunity to provide such argument in your brief in response to the motion for protective order. As you know, we are trying to get this motion for protective order filed this week. If you cannot agree to this joint discovery dispute statement, which as noted complies with the local rules, we will be canceling the 30(b)(6) deposition, and you will be required to file a motion to compel.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Cynthia A. Wilson [mailto:caw1@citlink.net]
**Sent:** Tuesday, September 08, 2009 10:34 AM
**To:** Plotkin, Emily H.
**Subject:** Re: Ltd Parts - Discovery Dispute Joint Statement

No.

Please draft as we stated.

Cynthia A. Wilson, Esquire
Madewell, Jared, Halfacre, Williams & Wilson
230 N. Washington Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-6101
Facsimile: (931) 528-1909
Email: caw1@citlink.net

On Sep 8, 2009, at 10:05 AM, Plotkin, Emily H. wrote:

Ken and Cynthia,

I am working with Ken Weber on this particular discovery dispute. Per Local Rule 37.01, the discovery dispute statement need not set out either party's argument, but merely must state the matters at issue in the discovery dispute. Based on this rule, I have revised the discovery dispute statement to state solely the matters at issue. Please let me know if we have your permission to sign this version. If you have any questions, please contact me at 615-726-5614. Thank you.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Weber, Ken A.
**Sent:** Tuesday, September 08, 2009 9:22 AM
**To:** Plotkin, Emily H.
**Subject:** FW: Ltd Parts - Discovery Dispute Joint Statement

FYI

**From:** williams ken [mailto:ksw@citlink.net]
**Sent:** Friday, September 04, 2009 4:38 PM
**To:** Weber, Ken A.; Bodzy, Ben
**Cc:** williams ken; Wilson Cynthia; DeAtley Barbara
**Subject:** Ltd Parts - Discovery Dispute Joint Statement

Ken, I've been out of the office since Monday in depositions. I will also be out of the office all of next week, so please be sure to direct your calls, correspondence and emails to Cynthia. Because Cynthia had to leave this afternoon, I will follow up on her email with regard to the Joint Discovery Dispute Statement. My thought is that the two of you talk first thing Tuesday morning to hammer out the final form. That, however, is your call.

In general terms the proper format for the Statement would seem to be to (1) set forth the 30(b)(6) request by number, corresponding to the paragraph number in the 30(b)(6); (2) followed by defendant's position; and (3) followed by plaintiffs' position. Again, the format is your call since it is your Motion. Regardless, and as pointed out in Cynthia's

earlier email, for each item in dispute we would like the plaintiffs' position taken verbatim from Cynthia's earlier letter.

As well as what Cynthia set forth in her earlier letter for paragraphs 12 and 22, we would add the following additional language to the appropriate part in dispute setting for the plaintiffs' position:

12. Contrary to the position taken by the defendants, the documents and information sought in paragraph 12 of the 30 (b)(6) has already been requested in Plaintiffs' first written requests for discovery (specifically Request for Production No. 8) to which the Defendants responded on November 10, 2008, and in Plaintiffs' subsequent document requests submitted on July 6, 2009 to which defendants responded on August 15, 2009 (again, specifically, Request for Production No. 8, pertaining to disciplinary records of all employees). Both requests and responses are attached. In their statement concerning paragraph 13 of the Rule 30(b)(6), Defendants take the position that they did not review or use employee written disciplinary records as a basis to determine who would and would not be retained. Plaintiffs take the position that defendants cannot avoid the impact of actual employee discipline on these retention decisions by saying that they did not look at the actual written disciplinary records, and instead conveniently claim that they used their collective memories of incidents of discipline as a record to judge whether or not to retain an employee. In other words, the defendants want to rely on their collective memories rather than their actual written records of discipline to justify the firing of the plaintiffs in this case. Plaintiffs contend these other employee disciplinary records are relevant both for use in impeachment, and to prove pretext. It is also noted that with respect to Plaintiffs' first written requests for discovery, Request for Production No. 8, to which the Defendants responded on November 10, 2008, plaintiffs sought discipline records for *all* employees availing themselves of FMLA and/or workers compensation rights in the time frame between 10/1/07 and 1/31/08 whether or not they were retained. Defendants *did not object* to this request for discipline records, instead avoiding the production itself by referring to the computer generated absenteeism records produced. For all such persons, there should be no dispute as to production of the requested records by the defendants. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules

22. Contrary to the position taken by the defendants, the documents and information sought with respect to temporary workers in paragraph 12 of the 30(b)(6) has already been requested, specifically in written discovery submitted to defendants July 6, 2009 and responded to on August 15, 2009 (Requests for Production Nos. 8, 9 and 10). This information has not been voluntarily produced by the defendants as of this date. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules. Reference is also made to plaintiffs' statements set forth in paragraph 12 above, with respect their position regarding the production of temporary worker discipline records.

Cynthia will also want to conduct the required telephone call on these discovery issues from our prior production requests. Since the issues are the same my thought is that the parties address the issues simultaneously. Cynthia should also be in a position to address the matters in Ben's recent letter, and any other matters that may need to be addressed.

Best Regards, Ken

Kenneth S. Williams,Esq.
**Madewell, Jared, Halfacre,**
**Williams & Wilson**
230 No. Washington Avenue
Cookeville, Tennessee 38501
Telephone: (931) 526 - 6101
Facsimile:   (931) 528 - 1909
Email: ksw@citlink.net

*This message is privileged and confidential. If you receive it in error, please delete it immediately and notify the sender* Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute a waiver of any applicable legal privilege.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

## Plotkin, Emily H.

| | |
|---|---|
| **From:** | Plotkin, Emily H. |
| **Sent:** | Tuesday, September 08, 2009 1:30 PM |
| **To:** | 'Cynthia A. Wilson'; ksw@citlink.net |
| **Cc:** | Weber, Ken A.; Bodzy, Ben |
| **Subject:** | FW: Ltd Parts - Discovery Dispute Joint Statement |
| **Attachments:** | Plotkin, Emily H..vcf; Plotkin, Emily H..vcf |

Cynthia,

Just to avoid any confusion, my final sentence in the below email should read: "Your arguments may be included in your response brief, the same as defendants' arguments are being included in its memorandum in support of its motion **for protective order**."

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

---

**From:** Plotkin, Emily H.
**Sent:** Tuesday, September 08, 2009 11:52 AM
**To:** 'Cynthia A. Wilson'
**Cc:** ksw@citlink.net; Weber, Ken A.; Bodzy, Ben
**Subject:** RE: Ltd Parts - Discovery Dispute Joint Statement

Cynthia,

The joint discovery dispute statement is merely a statement of the defendants' objection to the various topics and the plaintiffs' response. There is no argument on behalf of either party. As such, it is joint. Your arguments may be included in your response brief, the same as the defendants' arguments are being included in its memorandum in support of its motion for summary judgment.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in
Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Cynthia A. Wilson [mailto:caw1@citlink.net]
**Sent:** Tuesday, September 08, 2009 11:44 AM
**To:** Plotkin, Emily H.
**Cc:** ksw@citlink.net
**Subject:** Re: Ltd Parts - Discovery Dispute Joint Statement

Well, no it does not comply with Local Rule 37.01, which states, "...the parties shall
prepare a joint written statement of the matters at issue..." Your statement is not joint. It is
defendants' version. Again, I request that you please include our language. We do not
accept your inaccurate paraphrasing. If I am procedurally incorrect, then let the record so
reflect and I will suffer any embarrassment. What is the big deal??? I am trying every
method of cooperation in getting this filed. Just include our language and let the Court
decide.

If you would like, I can file what you have drafted and add our language that you refuse to
insert.

Cynthia A. Wilson, Esquire
Madewell, Jared, Halfacre, Williams & Wilson
230 N. Washington Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-6101
Facsimile: (931) 528-1909
Email: caw1@citlink.net

On Sep 8, 2009, at 11:24 AM, Plotkin, Emily H. wrote:

Cynthia,

The discovery dispute statement I provided you this morning complies with Local Rule
37.01 as is. We are not going to include additional argument in this statement. The
argument is to be reserved for the briefing, and you will have opportunity to provide
such argument in your brief in response to the motion for protective order. As you
know, we are trying to get this motion for protective order filed this week. If you
cannot agree to this joint discovery dispute statement, which as noted complies with
the local rules, we will be canceling the 30(b)(6) deposition, and you will be required
to file a motion to compel.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614

Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, and Washington, D.C.

**From:** Cynthia A. Wilson [mailto:caw1@citlink.net]
**Sent:** Tuesday, September 08, 2009 10:34 AM
**To:** Plotkin, Emily H.
**Subject:** Re: Ltd Parts - Discovery Dispute Joint Statement

No.

Please draft as we stated.

Cynthia A. Wilson, Esquire
Madewell, Jared, Halface, Williams & Wilson
230 N. Washington Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-6101
Facsimile: (931) 528-1909
Email: caw1@citlink.net

On Sep 8, 2009, at 10:05 AM, Plotkin, Emily H. wrote:

Ken and Cynthia,

I am working with Ken Weber on this particular discovery
dispute. Per Local Rule 37.01, the discovery dispute statement
need not set out either party's argument, but merely must state
the matters at issue in the discovery dispute. Based on this rule,
I have revised the discovery dispute statement to state solely the
matters at issue. Please let me know if we have your permission
to sign this version. If you have any questions, please contact
me at 615-726-5614. Thank you.

Emily

**Emily H. Plotkin**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, TN 37201
Direct: 615.726.5614
Fax: 615.744.5614
Cell: 615.299.7436
E-mail: eplotkin@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients
across the U.S. and abroad from offices in Alabama, Georgia, Louisiana,
Mississippi, Tennessee, and Washington, D.C.

9/9/2009

**From:** Weber, Ken A.
**Sent:** Tuesday, September 08, 2009 9:22 AM
**To:** Plotkin, Emily H.
**Subject:** FW: Ltd Parts - Discovery Dispute Joint
Statement

FYI

**From:** williams ken [mailto:ksw@citlink.net]
**Sent:** Friday, September 04, 2009 4:38 PM
**To:** Weber, Ken A.; Bodzy, Ben
**Cc:** williams ken; Wilson Cynthia; DeAtley Barbara
**Subject:** Ltd Parts - Discovery Dispute Joint
Statement

Ken, I've been out of the office since Monday in
depositions. I will also be out of the office all of next
week, so please be sure to direct your calls,
correspondence and emails to Cynthia. Because
Cynthia had to leave this afternoon, I will follow up on
her email with regard to the Joint Discovery Dispute
Statement. My thought is that the two of you talk first
thing Tuesday morning to hammer out the final form.
That, however, is your call.

In general terms the proper format for the Statement
would seem to be to (1) set forth the 30(b)(6) request
by number, corresponding to the paragraph number in
the 30(b)(6); (2) followed by defendant's position; and
(3) followed by plaintiffs' position. Again, the format
is your call since it is your Motion. Regardless, and as
pointed out in Cynthia's earlier email, for each item in
dispute we would like the plaintiffs' position taken
verbatim from Cynthia's earlier letter.

As well as what Cynthia set forth in her earlier letter
for paragraphs 12 and 22, we would add the following
additional language to the appropriate part in dispute
setting for the plaintiffs' position:

12. Contrary to the position taken by the defendants,
the documents and information sought in paragraph 12
of the 30(b)(6) has already been requested in Plaintiffs'
first written requests for discovery (specifically
Request for Production No. 8) to which the
Defendants responded on November 10, 2008, and in
Plaintiffs' subsequent document requests submitted on
July 6, 2009 to which defendants responded on August
15, 2009 (again, specifically, Request for Production
No. 8, pertaining to disciplinary records of all
employees). Both requests and responses are attached.
In their statement concerning paragraph 13 of
the Rule 30(b)(6), Defendants take the position

that they did not review or use employee written disciplinary records as a basis to determine who would and would not be retained. Plaintiffs take the position that defendants cannot avoid the impact of actual employee discipline on these retention decisions by saying that they did not look at the actual written disciplinary records, and instead conveniently claim that they used their collective memories of incidents of discipline as a record to judge whether or not to retain an employee. In other words, the defendants want to rely on their collective memories rather than their actual written records of discipline to justify the firing of the plaintiffs in this case. Plaintiffs contend these other employee disciplinary records are relevant both for use in impeachment, and to prove pretext. It is also noted that with respect to Plaintiffs' first written requests for discovery, Request for Production No. 8, to which the Defendants responded on November 10, 2008, plaintiffs sought discipline records for *all* employees availing themselves of FMLA and/or workers compensation rights in the time frame between 10/1/07 and 1/31/08 whether or not they were retained. Defendants *did not object* to this request for discipline records, instead avoiding the production itself by referring to the computer generated absenteeism records produced. For all such persons, there should be no dispute as to production of the requested records by the defendants. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules

22. Contrary to the position taken by the defendants, the documents and information sought with respect to temporary workers in paragraph 12 of the 30(b)(6) has already been requested, specifically in written discovery submitted to defendants July 6, 2009 and responded to on August 15, 2009 (Requests for Production Nos. 8, 9 and 10). This information has not been voluntarily produced by the defendants as of this date. Plaintiffs anticipate filing a Motion to Compel proper and timely response to these discovery requests, in order to obtain the needed documentation in advance of the Rule 30(b)(6) deposition, and in accordance with the Local Rules. Reference is also made

to plaintiffs' statements set forth in paragraph 12 above, with respect their position regarding the production of temporary worker discipline records.

Cynthia will also want to conduct the required telephone call on these discovery issues from our prior production requests. Since the issues are the same my thought is that the parties address the issues simultaneously. Cynthia should also be in a position to address the matters in Ben's recent letter, and any other matters that may need to be addressed.

Best Regards, Ken

Kenneth S. Williams,Esq.
**Madewell, Jared, Halfacre,**
**Williams & Wilson**
230 No. Washington Avenue
Cookeville, Tennessee 38501
Telephone: (931) 526 - 6101
Facsimile: (931) 528 - 1909
Email: *ksw@citlink.net*

*This message is privileged and confidential. If you receive it in error, please delete it immediately and notify the sender.* Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute a waiver of any applicable legal privilege.

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.