IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| STACY BRADY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 2:08-0058 |
| ) | JUDGE ECHOLS/KNOWLES |
| ) | |
| ) | JURY DEMAND |
| ) | |
| LTD PARTS INCORPORATED, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Plaintiffs' "Motion for Order Extending Deadlines to Depose Corporate Representative in Accordance With Court's Order and For Other Relief." Docket No. 84. Defendant has filed a Response opposing the Motion in part. Docket No. 85. Plaintiffs have filed a Reply to the Response without leave of Court, in violation of Local Rule 7.01(b). Docket No. 86.

The instant Motion relates to a prior Motion for Protective Order filed by Defendants (Docket No. 76) and the Court's Order (Docket No. 83) granting that Motion in part. The previous Motion involved Plaintiffs' noticing of a Rule 30(b)(6) deposition and the scope thereof. The Court granted the Motion for Protective Order with regard to all the matters at issue except topic No. 13. That topic was as follows:

> For all hourly employees for the time period from January 1, 2006
> through the current date, all oral or written discipline, and the basis

for each act of discipline.

Docket No. 62.

The Court's Order concerning that topic stated in part as follows:

> With regard to Topic No. 13, Defendants raised the same temporal objection, and they further argue that it is overly broad and unduly burdensome. Defendants particularly appear to object to testimony concerning "oral" discipline. Defendants further argue that the response of information [*sic*] would not reasonably be calculated to lead to the discovery of admissible evidence.
>
> . . .
>
> The Court agrees with Defendants that any such information after January 31, 2008, is not relevant to any of the parties' claims or defenses. The information from the time period January 1, 2006, through January 31, 2008, however, could certainly be relevant regarding the issue of pretext. The Court agrees that the request for "all oral . . . discipline" is over broad and burdensome. Plaintiffs argue that certain documents collectively show that "verbal warnings at the company were in fact documented." Thus, to the extent that oral discipline is "documented" (which seems to be a contradiction in terms), it is an appropriate subject for the Rule 30(b)(6) deposition.

Docket No. 83, p. 6-7

The Court's previous Order was entered October 5, 2009. According to Defendants' Response to the instant Motion, the Rule 30(b)(6) deposition had already been scheduled for October 6, 2009, and the parties proceeded with the deposition as to certain subject areas. Defendants, however, did not have enough time to prepare their corporate representative to testify about disciplinary actions that the Court held were discoverable the day before the deposition. Defendants, therefore, agreed not to object if Plaintiffs needed to complete the deposition of the corporate representative on a date subsequent to Defendants' production of the disciplinary records at issue.

2

Case 2:08-cv-00058 Document 87 Filed 11/05/09 Page 2 of 6 PageID #: 680

The current discovery deadline expired October 12, 2009. Docket No. 75. One might presume, therefore, that Plaintiffs filed the instant Motion to extend the deadline in order to comply with Fed. R. Civ. P. 16(b)(4), which provides that a schedule in a scheduling order "may be modified only for good cause and with the judge's consent." If this were the case, Plaintiffs could have filed a simple Motion seeking that relief, and Defendants state in their Response that they do not object to that relief.

Instead, in the instant Motion, the question of extending the discovery cutoff deadline so that Defendants can prepare their Rule 30(b)(6) witness to testify about disciplinary actions that the Court held were discoverable, and to allow Plaintiffs to complete the Rule 30(b)(6) deposition with regard to those disciplinary actions, appears to be something of a secondary issue. The primary issue in the instant Motion appears to be Plaintiffs' request "for other relief."

In the instant Motion, Plaintiffs seek an Order "extending deadlines for the limited purposes of deposing the Defendant corporation representative on other employee disciplinary matters." Docket No. 84. The Motion further argues, essentially, that Defendants did not produce "documented discipline documents from company employment files for Teena Leftwich . . . although company documents received from the Union President, Plaintiff Wayne Jackson, and produced by Plaintiffs show documented discipline on the company form to Teena Leftwich for 'line speed'". *Id.* The Motion continues:

> Plaintiffs have requested that Defendant confirm the process used to determine whether or not other documented discipline exists for the relevant period, and desire to extend the discovery deadlines for limited purposes, to-wit: To permit the deposition of authorized corporate representative[*s*] as to documented discipline for Regina Gain, Teena Leftwich, *such others who may have discipline documentation produced by Defendants, and as to the method of investigation used to determine whether or not documented*

3

>  *discipline existed for any workers at the company plant from 1/1/06 - 1/31/08.*

*Id.* (Emphasis added.).

Defendants object to the "other relief" sought in the instant Motion, arguing that it exceeds the scope of Plaintiffs' Rule 30(b)(6) deposition notice, the Court's October 5 Order, and the parties' agreement.

Plaintiffs have attached to the Reply the Affidavit of Wayne Jackson, President of UAW Local 3038, which purportedly shows "documented employee discipline which he received in his capacity as union president for the period from January 1, 2006, through the time of the union decertification in or about October 2007." Docket No. 86, p. 1-2. Plaintiffs state:

> Defendants claim that their list of 12 plus 1 non-plaintiff employees with documented discipline are all that exist. Wayne Jackson's files illustrate that there are at least seventeen (17) *other* non-plaintiff employees receiving discipline during the relevant time frame, who had not been disclosed or produced by the defendants.
>
> . . .
>
> This court instructed the defendant to produce documented discipline for non-plaintiffs from the period from January 1, 2006, through January 31, 2008. Defendants did not object to the completion of the corporate representative's deposition after such disciplinary documents were produced. Plaintiffs contend that consistent with Rule 37, F. R. Civ. P., they should be entitled (1) to receive all of the disciplinary records, including inspection of such files to gather the needed materials since the defendants' methods are on their face inaccurate and incomplete; and (2) to thereafter depose the designated corporate representative[s] as to such documented discipline. The defendants should not be entitled to avoid this deposition testimony by denying that documents exist [*sic*] when such documents clearly do exist. Alternatively, plaintiff would ask that the court provide other appropriate remedies within the scope of Rule 37 to assure compliance with the Court's Order and/or sanctions for failure to so comply.

4

> WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court extend the deadlines for the limited purposes set forth herein and conditioned on the Defendants' timely provision of documentation or satisfactory proof that no other documentation exists, all consistent with the Court's October 5, 2009 ruling at Docket Entry No. 83, that the Court require the production of all non-plaintiff employee disciplinary files for the period from January 1, 2006 - January 31, 2008 for Plaintiffs to inspect and copy prior to such deposition, and that the Plaintiffs' [*sic*] be permitted to inquire in detail with the appropriate corporate representatives concerning the newly disclosed Regina Gain documents, the seventeen (17) employees whose documents have not been disclosed, and any other employees receiving discipline but who are currently unknown and undisclosed by the Defendants, and for other relief consistent with the Court's prior Order and Rule 37 of the Federal Rules of Civil Procedure.

Docket No. 86, p. 1-3 (emphasis in original).

The Court agrees with Defendants that Plaintiffs are attempting to open an entirely new area of discovery as to why documents that Plaintiffs believe Defendants should have produced were not produced. At some point in the past, Plaintiffs apparently learned that the UAW President, Mr. Jackson, was in possession of documents that Defendants had not produced. Plaintiffs do not disclose when they learned of this situation, nor do they discuss why they did not address this situation during the initial period of discovery in this action (June 1, 2008 to August 12, 2009) or during the extended period for discovery (August 12, 2009 to October 12, 2009). Moreover, the "method of investigation" that Defendants used to determine what documents would be produced is beyond the scope of the Rule 30(b)(6) notice.

For the foregoing reasons, the instant Motion (Docket No. 84) is GRANTED IN PART and DENIED IN PART as follows. The parties may have an extension of time to and including November 20, 2009, in which to complete the Rule 30(b)(6) deposition with regard to matters concerning employee discipline as set forth in the Court's previous Order (Docket No. 83).

5

Plaintiffs may also question the Rule 30(b)(6) witness, to the same extent, concerning the disciplinary documents they have in their possession, regardless of whether Defendants produced those documents or whether Plaintiffs obtained them from other source.

The instant Motion is DENIED, however, to the extent that Plaintiffs wish to question the Rule 30(b)(6) witness concerning "the method of investigation used to determine whether or not documented discipline existed for any workers at the company plant from 1/1/06 - 1/31/08." That topic was not a subject of the Rule 30(b)(6) notice, and Plaintiffs have not explained when they became aware of Defendants' alleged failure to produce documents.[1]

IT IS SO ORDERED.

_E. Clifton Knowles_
United States Magistrate Judge

---

[1] On July 27, 2009, Judge Echols entered an Order granting the parties a sixty day extension to conclude discovery in this action. Docket No. 73. Judge Echols' Order stated in part:
> Requiring Plaintiffs to absorb the entire effect of a lengthy delay caused primarily by Defendants' inability to retrieve Plaintiffs' worker's compensation files from The Hartford would not be equitable, particularly since Plaintiffs' counsel collegially deferred to defense counsel's request for additional time to obtain the files without resorting to subpoena power, which ultimately became necessary.

Docket No. 73, p. 3.

The Court notes that the instant issue, concerning employee disciplinary records, is not directly related to the reason Judge Echols extended the discovery cutoff deadline.

6

Case 2:08-cv-00058  Document 87  Filed 11/05/09  Page 6 of 6 PageID #: 684